Thuy–An CORNETT, Plaintiff,

v.

AETNA LIFE INSURANCE
COMPANY, Defendant.

Civil Action No. H–94–2402.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 5, 1995.

Alexander R. Wallenwein, Houston, TX, for Thuy–An Cornett.

John Bruce Shely, Andrews & Kurth, Houston, TX, for Aetna Insurance Company.

Richard Paul Colquitt, Fulbright & Jaworski, Houston, TX, for Astronomy Observatories.

John C. Adams, Freedman Hull Mathews & Price, Houston, TX, for Anthony J. LaMarra.

### *MEMORANDUM AND ORDER*

ATLAS, District Judge.

Pending before the Court are **Plaintiff's Motion for Interlocutory Summary Judgment** [Doc. # 39], **Defendant's Motion for Summary Judgment** [Doc. # 43], **Intervenor LaMarra's Motion for Partial Summary Judgment** [Doc. # 44] and **Plaintiff's Motion to Modify Scheduling Order** [Doc. # 28]. The Court has considered each of these motions together with all opposition filed, other matters of record and the applicable authorities. The Court denies Plaintiff's Summary Judgment, grants Defendant's Summary Judgment Motion and dismisses Intervenor LaMarra's claims for lack of subject matter jurisdiction. Finally, Plaintiff's Motion to Modify Scheduling Order is dismissed as moot.[1]

### I. *Background*

Plaintiff originally filed this case in state court alleging negligent misrepresentation, gross negligence, and deceptive trade practices in violation of the Texas Insurance Code and the Texas Business and Commerce Code following Defendant's denial of Plaintiff's claims for medical benefits under a health plan established and maintained by Plaintiff's ex-husband's employer ("AURO/NOAO Plan" or "Plan").[2] Plaintiff seeks coverage under the Plan for two surgeries Plaintiff underwent on July 1, 1993.

Defendant removed the case to federal court based on federal question and diversity jurisdiction, alleging the existence of an employee benefit plan regulated under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and diversity of citizenship.

Plaintiff strenuously asserts that she is not attempting to recover under ERISA. Plaintiff concedes, however, that the AURO/NOAO Plan is governed by ERISA, that under ERISA Defendant's decision to deny Plaintiff's claim was correct and within the Plan administrator's discretion, and that Plaintiff is barred from recovering under ERISA due to her failure to exhaust administrative remedies.[3]

Thus, the only issue before the Court on the parties' respective summary judgment motions is whether Plaintiff's state law claims are preempted by ERISA.

Defendant issued the insurance policy which funded the AURO/NOAO Plan, administered claims for benefits made under the Plan, and generally assisted AURO/NOAO with its administration of the Plan. As the

---

**1.** This motion seeks an extension of the discovery deadline to allow adequate time for discovery from a party subsequently dismissed from the case.

**2.** The Association of Universities for Research in Astronomy/National Optical Astronomy Observa-tories ("AURO/NOAO") was originally named as a defendant in this case but was dismissed from the action pursuant to an Order signed by Judge Hittner on August 14, 1995 awarding summary judgment in its favor.

**3.** Plaintiff's Portion of Pre–Trial at 9.

spouse of an AURO/NOAO employee, Plaintiff was a beneficiary under the AURO/NOAO Plan until its termination in June 1993, when AURO/NOAO canceled its policy with Defendant. Although AURO/NOAO purchased coverage from another carrier, Plaintiff's former husband omitted Plaintiff from his list of dependents on the new policy.[4]

Plaintiff alleges that AURO/NOAO failed to notify her of its intention to terminate the policy and of her right to continued coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), as amended, 29 U.S.C. §§ 1161 *et seq.* She contends that she underwent two surgeries in July 1993 in reliance on her belief that she was still covered under the AURO/NOAO Plan. Plaintiff also alleges that, although Defendant had been notified in writing on June 18, 1993, that AURO/NOAO intended to cancel its policy with Defendant effective June 1, 1993, Defendant verified coverage for the two surgeries to Plaintiff's medical providers on June 22, 1993, and June 24, 1993, respectively.[5] After undergoing these surgeries on July 1, 1993, Plaintiff was informed by her surgeons in September 1993 that Defendant had refused to pay her medical expenses totaling $30,951.

Plaintiff alleges that Defendant's conduct in certifying coverage to her medical providers constitutes negligent misrepresentation, gross negligence and deceptive trade practices in violation of the Texas Insurance Code and the Texas Business and Commerce Code. Plaintiff strenuously argues that her claim is *not* for wrongful denial of benefits under an ERISA plan and that her state law claims therefore are not preempted by that statute.[6] The Court, however, disagrees and finds that, because Plaintiff's state law claims are related to an ERISA plan (*i.e.*, the AURO/NOAO Plan), they are preempted by federal law.

### II. *Applicable Law*

■ The issue presented by the parties' summary judgment motions is whether Plaintiff's state law claims are preempted under the provisions of 29 U.S.C. § 1144(a), which provides in pertinent part that "the provisions of this subchapter and subchapter III ... shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." If a state law "relates to" an employee benefit plan, it is preempted by ERISA. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 107 S.Ct. 1549, 1550–51, 95 L.Ed.2d 39 (1987); *Hogan v. Kraft Foods*, 969 F.2d 142, 144–45 (5th Cir.1992). The United States Supreme Court has held that a law relates to an employee benefit plan, "in the normal sense of the phrase, if it has a connection or reference to such a plan." *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553. The Court has also held that the term "relate to" should be expansively construed. *Id.* at 46–48, 107 S.Ct. at 1552–53. *See also FMC Corp. v. Holliday*, 498 U.S. 52, 57, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) ("[t]he preemption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that

---

4. Presumably, this was because Plaintiff separated from her husband in March 1992 and divorce proceedings had already begun when AURO/NOAO cancelled its policy with Defendant in June, 1993. Plaintiff and her husband agreed to postpone the filing of the final divorce decree until after Plaintiff's surgeries on July 1, 1993. Plaintiff's Amended Response to Request for Admissions of Defendant Aetna Insurance Company, at 1.

5. Defendant denies that it ever certified coverage for foot surgery as alleged by Plaintiff in her original petition but admits that it issued a Notice of Certification of benefits for abdominal surgery on or about June 24, 1993. Defendant also admits that, although Plaintiff was not a covered beneficiary under the AURO/NOAO Plan when it issued the Notice of Certification, this was unknown to Defendant and beyond its control because it did not receive notice of cancellation by AURO/NOAO until June 30, 1993. Defendant's Responses and Objections to Plaintiff's Requests for Admissions (Exh. 5, at 4–6 [Doc. # 39]).

6. That Plaintiff amended her pleadings to add a cause of action against AURO/NOAO for allegedly violating COBRA, an amendment to ERISA, undermines her contention that her lawsuit is not impacted by ERISA. However, the Court need not consider the significance of the COBRA claim because it finds that all of Plaintiff's state law claims are preempted by ERISA.

'relates to' an employee benefit plan governed by ERISA"). The pre-emption clause is not limited to "state laws specifically designed to affect employee benefit plans." *Pilot Life,* 481 U.S. at 47–48, 107 S.Ct. at 1553. To the extent that they relate to such plans, ERISA preempts common law contract and tort claims based upon laws of general application. *Degan v. Ford Motor Co.,* 869 F.2d 889, 893 (5th Cir.1989).

■ Plaintiff contends that her claim does not "relate to" an ERISA plan because "no ERISA plan of which Plaintiff was a beneficiary was even in existence at the time of [Defendant's alleged] misrepresentations."[7] However, as Defendant points out, this is a distinction without a difference. Plaintiff's ineligibility for benefits under the AURO/NOAO Plan at the time of her surgeries does not affect the Court's preemption analysis. The Fifth Circuit has held that state law claims brought by non-eligible persons claiming entitlement to plan benefits are preempted by ERISA. *See Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 758 (5th Cir. 1990) (state law claims of former beneficiaries for misrepresentation of benefits were preempted); *Cefalu v. B.F. Goodrich,* 871 F.2d 1290, 1294 (5th Cir.1989) (state law claims of potential plan participant for misrepresentation of pension benefits were preempted). Moreover, the Fifth Circuit has held on several occasions that ERISA's preemption provision bars state law causes of action even though ERISA may provide no remedy for victims of fraud and misrepresentation. *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 979 (5th Cir.1991), citing *Lee,* 894 F.2d at 757 and *Degan,* 869 F.2d at 895.

Plaintiff relies primarily upon *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 247 (5th Cir.1990), in support of her argument to avoid preemption. This reliance is unavailing. In *Memorial Hospital System,* Plaintiff hospital was an assignee of benefits under an ERISA Plan. The hospital sued Northbrook Life Insurance Company for deceptive and unfair trade practices, breach of contract, negligent misrepresenta-

tion and equitable estoppel in connection with the alleged misrepresentation of insurance coverage for a beneficiary under an ERISA plan.

The District Court found that the hospital's derivative claims were preempted, but that the claims based on its independent position as a third-party health care provider were not. The Memorial Hospital appealed, and the Fifth Circuit found that the deceptive and unfair trade practices claim was not preempted under ERISA. However, the Court did not hold, as Plaintiff suggests, that a plan participant or beneficiary is in the same position as a health care provider who relies on an insurance company's misrepresentations concerning medical coverage. A careful distinction was drawn between plan participants, on the one hand, and independent, third-party health providers, on the other, finding that traditional preemption analysis should not be extended "to encompass third-party providers, particularly when to do so would [discourage health care providers from becoming assignees and] run counter to one of Congress's overriding purposes in enacting ERISA," *i.e.,* "protecting the interests of employees and their beneficiaries in employee benefit plans." *Memorial Hospital System,* 904 F.2d at 247–48.

The "unifying characteristics" of claims which have been held to be preempted under ERISA were identified by the Fifth Circuit in *Memorial Hospital System:* (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Id.* at 245. Plaintiff argues that her state law claims lack these "unifying characteristics" because (1) she is not seeking benefits under the AURO/NOAO Plan; and (2) at the time of Defendant's alleged misrepresentations, Plaintiff was not a beneficiary of an ERISA plan. While somewhat superficially appealing, Plaintiff's argument must be rejected.

---

7. Plaintiff's Response to Defendant's Motion for Summary Judgment, at 3. Both Plaintiff and Defendant agree that Plaintiff was ineligible for benefits under the AURO/NOAO Plan when she had her surgeries.

■ As to Plaintiff's first contention, that she is not seeking recovery from the assets of an ERISA plan, the same argument was insufficient in *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989). In *Cefalu*, a suit for breach of contract to recover additional pension benefits, the plaintiff argued that his state law claim was not preempted by ERISA because he had not sued the retirement plan directly, and he merely sought recovery for breach of an oral contract unrelated to the ERISA plan. The Fifth Circuit rejected this argument on the basis of the express language of ERISA's preemption clause, congressional intent and case law construing the preemption clause. *Id.* at 1292–94.[8] Finding that Cefalu's state law claim was preempted under ERISA, the Court observed that most breach of contract claims are similarly preempted. In the case at bar, Plaintiff's assertion of tort rather than breach of contract claims does not affect the Court's preemption analysis. The Fifth Circuit addressed this issue explicitly: "Whether the state action sounds in tort or contract per se is irrelevant to the issue of ERISA preemption." *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d at 757.

■ Plaintiff also argues that her state law claims lack the second "unifying characteristic" of ERISA preemption cases (that the claims directly affect the relationship among the traditional ERISA entities) because, at the time of Defendant's alleged misrepresentations, she was not a beneficiary of an ERISA plan. The Court rejects this argument and finds that Plaintiff's claims do affect the relationship among two "traditional ERISA entities," *i.e.*, a plan administrator and a former beneficiary. There is no doubt that the defendant in this case, Aetna Life Insurance Company, was a fiduciary of the AURO/NOAO Plan. Defendant issued the policy which funded the plan and also acted as plan administrator, administering plan participants' and beneficiaries' claims. Plaintiff does not dispute Defendant's status, but attempts to distinguish her status by arguing that she was not a beneficiary at the time of Defendant's alleged misrepresentations. This argument is fundamentally undercut by Plaintiff's major assertion that she is entitled to damages because she *believed* that she was a *beneficiary* at the time of Defendant's alleged misrepresentations. Indeed, that was the reason she sought certification of coverage from Defendant under the AURO/NOAO Plan at all. Plaintiff cannot have it both ways.[9]

■ In any event, the law does not recognize a distinction between beneficiaries and former beneficiaries insofar as Plaintiff's claim and the scope of ERISA preemption. As the court found in *Goodman v. S & A Rest. Corp.*, 756 F.Supp. 966, 970 (S.D.Miss. 1990), a misrepresentation claim by a potential plan participant who claims to have been misled regarding coverage falls within the scope of *Memorial Hospital System*'s two-part test. The Court finds that Plaintiff's claims similarly fall within *Memorial Hospital System* because they affect the relationship between ERISA entities, and thus are preempted by federal law.

In a final argument based on *Memorial Hospital System*, Plaintiff argues that her state law claims are not preempted because (1) she seeks damages from Defendant rather than plan benefits; and (2) the calculation of her damages requires no reference to the terms of the AURO/NOAO Plan policy. A similar argument was rejected by the Fifth

---

8. Considering the language of § 1144(a), the Court found that "[t]he express preemptive language used by Congress in ERISA is broad in scope." The Court also examined ERISA's legislative history which, it found, "clearly shows that Congress intended the ERISA preemption clause to have an expansive reach." Finally, the Court considered the Supreme Court's decisions in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), and *Pilot Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), as well as numerous court of appeals opinions, and found that, "[b]ecause of the breadth of the preemption clause and the broad remedial purpose of ERISA, 'state laws found to beyond the scope of § 1144(a) are few.'" *Cefalu*, 871 F.2d at 1292, quoting *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir.1986).

9. But for Defendant's denial of Plaintiff's claim for benefits, it seems fair to say that Plaintiff would not have brought this lawsuit. Her state law claims are, therefore, "related to" an ERISA plan.

Circuit in *Cefalu*, in which the Court of Appeals found that state law claims were preempted, in part, because, if the plaintiff were to prevail, the court would be required to refer to the plan terms in order to calculate the plaintiff's damages.[10] *Cefalu*, 871 F.2d at 1294. Plaintiff argues that her damages may be determined exclusively by reference to the amount of medical expenses which she became liable for as a result of Defendant's alleged misrepresentations, and that reference to the Aetna plan policy is unnecessary. However, the proper measure of Plaintiff's actual economic damages against Aetna are not her entire out-of-pocket damages but are the amount under the terms of the Aetna policy that Plaintiff could have been reimbursed. *See Superior Pontiac Co. v. Queen Ins. Co. of America*, 434 S.W.2d 340, 342 (Tex.1968) (liability of insurer is governed by insurance contract); *Gulf Atlantic Life Ins. Co. v. Disbro*, 613 S.W.2d 511, 512–13 (Tex.Civ.App.—Beaumont 1981, no writ) (damages were properly limited to amounts insurer was obligated to pay under insurance policy); *Aetna Ins. Co. v. Paddock*, 301 F.2d 807, 812 (5th Cir.1962) (jury charge on damages that was inconsistent with measure specified in insurance policy was improper). The AURO/NOAO Plan expressly states that it has an annual deductible and pays only 75% of hospital expenses.[11]

■ Thus, even if Plaintiff's extra-contractual tort theories might entitle Plaintiff to claim additional elements of damage, such as mental anguish or punitive damages, the relationship between her economic damages and the AURO/NOAO Plan renders Plaintiff's claims "related to" an employee benefit program regulated by ERISA and, therefore, those claims are preempted by federal law and Plaintiff's state law claims are dismissed.[12]

### III. Intervenor LaMarra's Motion for Partial Summary Judgment

■ The Court lacks subject matter jurisdiction over Dr. LaMarra's claim against Plaintiff.[13] While Plaintiff is a citizen of New

---

10. In *Memorial Hospital System*, the Fifth Circuit found that the fact that the plaintiff's damages would be measured in part by the amount of benefits which would have been received under the ERISA plan, had there been no misrepresentation, indicated merely an "incidental relation to an ERISA plan [insufficient on the facts presented] to require a finding of preemption." 904 F.2d at 247. While this language seems to support Plaintiff's argument, in *Memorial Hospital System*, unlike the case at bar, the plaintiff was a third-party health care provider to whom a representation of coverage had been made. As the Court has noted, *Memorial Hospital System*'s holding was limited to the facts presented, and the Fifth Circuit specifically found that the benefits issue, vis-à-vis the hospital's right to recover damages, was unrelated to the plaintiff's actual right to benefits under the plan. *Id.*

11. Affidavit of Celeste Biegen, Exhibit 2 at 5–7.

12. Plaintiff also cites Supreme Court and other Fifth Circuit precedent for the proposition that her state law claims are not preempted by ERISA. The Court finds reliance on these authorities unpersuasive. Although, as Plaintiff points out, the Supreme Court recognized in *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988), that ERISA does not preempt "run of the mill" state law tort claims, *Mackey* is not applicable to Plaintiff's case. In *Mackey*, the Supreme Court referred to state law

claims "such as unpaid rent, failure to pay credit or even torts committed by an ERISA plan." *Id.* Plaintiff's claims are not "run of the mill" state-law tort claims insofar as they relate to an ERISA plan and involve the traditional ERISA entities, *i.e.*, a beneficiary (albeit a former one) and a plan administrator or fiduciary.

Plaintiff's cite of *Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990), is unavailing. Plaintiff argues from *Perkins* that, where misrepresentations occurred before plan formation or were made by someone other than a plan or its fiduciaries, state law claims based on such misrepresentations are not preempted. In *Perkins*, the Fifth Circuit held that ERISA did not preempt an insured's claim that an insurance agent fraudulently induced him to surrender coverage under an existing policy in order to participate in an ERISA plan that did not provide the promised coverage. *Id.* at 473. In so holding, the Court characterized plaintiff's claim as "of that genre, not affecting the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries)." *Id.* Plaintiff's claims are not this category.

13. Dr. LaMarra alleges that he performed foot surgery on Plaintiff on July 1, 1993, and that, although Plaintiff agreed to pay him for medical services, she has failed to make payments on her account, totaling $10,659. Dr. LaMarra seeks to recover this amount from Plaintiff, plus interest and costs of suit pursuant to Article 5069–1.05 of

Mexico and Dr. LaMarra appears to be a citizen of Texas,[14] the amount in controversy is less than $50,000 and, therefore, does not satisfy the statutory jurisdictional minimum under 28 U.S.C. § 1332. Due to the absence of an independent basis for federal jurisdiction,[15] Dr. LaMarra's claim for fees against Plaintiff are therefore dismissed.

It is therefore **ORDERED** that

(1) Plaintiff's Motion for Summary Judgment is **DENIED.**

(2) Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's claims against Aetna are **DISMISSED.**

(3) Intervenor LaMarra's claims are **DISMISSED** and his Motion for Partial Summary Judgment is **DENIED WITHOUT PREJUDICE.**

(4) Plaintiff's Motion to Modify Scheduling Order is **DISMISSED AS MOOT.**

the Revised Civil Statutes of Texas, and $3,517.47 in attorneys' fees pursuant to the Texas Civil Practice and Remedies Code. § 38.001.

**14.** Dr. LaMarra maintains a medical practice in Houston, Texas and, presumably, is also a domiciliary of this state.

**15.** Dr. LaMarra's intervention appears to have been permissive rather than of right. Intervention as of right under Fed.R.Civ.P. 24(a) comes within the Court's ancillary jurisdiction, but permissive intervention under Fed.R.Civ.P. 24(b) does not. 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523 (2d ed. 1984). Therefore, there must be an independent jurisdictional basis for Dr. LaMarra's claim against Plaintiff. 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1917 (2d ed. 1986). Even if Dr. LaMarra's intervention

were of right, the Court has discretion not to exercise supplemental jurisdiction over ancillary claims, when all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Although state law claims preempted by ERISA ordinarily should be recharacterized as federal questions rather than dismissed, *see Williams on Behalf of Williams v. Jackson Stone Co.*, 867 F.Supp. 454, 459 (S.D.Miss.1994), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987) (preemptive effect of ERISA effectively recharacterizes state law claims into actions arising under federal law); *Degan v. Ford Motor Co.*, 869 F.2d at 893 (same), it would be futile to recharacterize Plaintiff's claims as arising under ERISA. By her own admission, Plaintiff is barred from recovering under ERISA due to her failure to exhaust administrative remedies. Therefore, all that is left of this controversy is Dr. LaMarra's claim for relief against Plaintiff.