**EMPLOYERS HEALTH INSURANCE COMPANY, Plaintiff,**

v.

**Larry LEACH and Fay Leach, Individually and as Next Friends of Karri Leach, and Progressive Communications, Inc., Defendants.**

C.A. No. H–96–1922.

United States District Court, S.D. Texas, Houston Division.

June 16, 1997.

Matthew Paul Eastus, Baker and Botts, Houston, TX, for Employers Health Ins. Co.

Rudy Cano, Berg and Androphy, Houston, TX, for Larry Leach, Fay Leach.

Karl C. Hoppess, Hoppess & Associates, Houston, TX, for Progressive Communications, Inc.

Gregg K. Saxe, Houston, TX, for Heydari Financial Group, Alireza Heydari.

Alireza Heydari, Houston, TX, pro se.

### MEMORANDUM ORDER AND FINAL JUDGMENT

JOHNSON, United States Magistrate Judge.

Presently before the court is Plaintiff's Motion For Summary Judgment. After considering the motion, Defendants' Response to Plaintiff's Motion for Summary Judgment, Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment, Plaintiff's Notice of Supplemental Authority in Support of its Motion For Summary Judgment, and the applicable law, the Court is of the opinion, for the reasons set forth below, that Plaintiff's Motion For Summary Judgment should be **GRANTED.** Furthermore, this Court **DECLINES** to retain pendant jurisdiction over any remaining state law causes of action and orders that these remaining claims be **REMANDED** to the state court.[1]

### I. Case Background

On June 12, 1996, plaintiff, Employers Health Insurance Company (EHI), filed a declaratory judgment action against the defendants, Larry Leach and Fay Leach, individually and as next friends of Karri Leach, and Progressive Communications, Inc. Larry Leach, an employee of Progressive Communications, Inc., is a participant and beneficiary in an EHI group employee benefit plan. Mr. Leach's wife, Fay Leach, and daughter, Karri Leach, are beneficiaries under this plan.

At the time of Mr. Leach's enrollment in the plan, his minor daughter, Karri, was pregnant. According to the defendants, the agent who procured the EHI policy for Progressive Communications, Inc., Alireza Heydari, assured them that the minor's pregnancy and baby would be covered by the EHI

---

1. The parties consented to proceed before the undersigned Magistrate Judge for all proceedings, including trial and final judgment, in accordance with the provisions of 28 U.S.C. § 636(c).

plan. Defendants further contend that subsequent to their enrollment in the plan, they discovered that the policy's coverage extended neither to the minor's pregnancy nor to the baby.

After defendants submitted a demand letter to plaintiff, plaintiff filed this action, seeking a declaration concerning its liability with regard to the minor's pregnancy, representations made concerning the pregnancy, and other injuries which may have arisen from the dispute. On July 9, 1996, the Leachs[2] filed a counterclaim against EHI and a Third Party Complaint against Mr. Heydari, the agent, alleging fraud and negligent misrepresentation in both pleadings.[3] On December 20, 1996, an amended Counterclaim and an amended Third Party Complaint were filed, adding claims for violations of the Texas Deceptive Trade Practices–Consumer Protection Act[4] and the Texas Insurance Code.[5] Plaintiff's First Amended Complaint, filed January 13, 1997, added a request for declarations that Heydari breached his contract with EHI and that he must indemnify EHI for any liability it might incur to the Leachs.

Also on January 13, 1997, EHI filed Plaintiff's Motion For Summary Judgment. The thrust of plaintiff's contention is that defendants' state law claims are preempted by ERISA. As there is no ERISA action pleaded, plaintiff contends that it is entitled to judgment in its favor in both its declaratory judgment action and the Leachs' counterclaim. This court agrees.

## II. *Analysis*

■ In order to be entitled to summary judgment, the moving party must establish the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Applicable substantive law determines what factual issues are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Federal Rule of Civil Procedure 56(c) sets forth the types of evidence which may be considered when reviewing a motion for summary judgment. It states that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c).

Furthermore, when considering the evidence submitted in support of and in opposition to a motion for summary judgment, the court must draw all reasonable inferences from the underlying facts in favor of the non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). All doubt as to the existence of a genuine issue of material fact must also be resolved in favor of the non-movant. *Hayden v. First National Bank of Mt. Pleasant, Texas*, 595 F.2d 994, 996–97 (5th Cir.1979).

After reviewing the motion pursuant to these standards, this court is of the opinion that EHI is entitled to summary judgment because the Leachs' claims against EHI are preempted by ERISA. As it is undisputed that the policy in question does not provide coverage for the minor's pregnancy or for her baby, there is no genuine issue of material fact concerning EHI's liability to the Leachs. The Leachs' remaining claims against the agent, Heydari, however, are remanded to state court.

---

2. Defendant Progressive Communications, Inc. was not a party to either the counterclaim or the third party complaint. The claim against defendant Progressive Communications, Inc. was dismissed with prejudice, pursuant to an agreed motion to dismiss, on November 15, 1996.

3. At approximately this same time, the Leaches filed suit in state court, similarly alleging fraud and negligent misrepresentation against EHI and Mr. Heydari and his group. EHI removed that action to this district court, claiming exclusive federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. That action, numbered C.A. NO. H–96–2278, was consolidated with the present action by order dated November 15, 1996.

4. Deceptive Trade Practices–Consumer Protection Act, TEX. BUS & COM. CODE ANN § 17.41 *et seq.*

5. Texas Insurance Code, TEX. INS. CODE ANN Art. 21.21.

## A. *ERISA Preemption*

█ ERISA is a broad statute with an expansive preemption provision: "[T]he express pre-emption provisions of ERISA are deliberatively expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–6, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (*citing Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)). ERISA preempts a state law if that law relates to an employee benefit plan. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co.*, 481 U.S. at 45, 107 S.Ct. at 1551; *Boggs v. Boggs*, —— U.S. ——, ——, 117 S.Ct. 1754, ——, 138 L.Ed.2d 45 (1997). Thus, to reach a determination that the Leachs' state law claims are preempted by ERISA, this Court must be convinced that they relate to an employee benefit plan.[6]

█ A requirement for preemption, then, is the existence of an ERISA plan. Such a plan includes:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

29 U.S.C. § 1002(1).

The United States Court of Appeals for the Fifth Circuit has determined that a court must ask three questions in deciding whether a particular benefit plan is covered by ERISA. Specifically, the court must consider "whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 354 (5th Cir.1993).

To resolve the first question, the Fifth Circuit adopted the following definition: A plan exists for the purposes of ERISA if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* at 355 (*quoting Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (en banc)). Applying this standard, it is clear that a plan exists in the instant case. The requisite information can be discerned from the policy of insurance, Progressive Communications, Inc.'s Employer Group Application, and Mr. Leach's Employee Enrollment Form, attached to Exhibit A of Plaintiff's Reply To Defendants' Response To Plaintiff's Motion For Summary Judgment as Attachments 1, 2, and 3, respectively.

The second question to be answered is whether this plan falls within the "safe harbor" established by the Department of Labor. This "safe harbor" exempts a plan from ERISA coverage and is reached when a plan is shown to have four characteristics. *Meredith*, 980 F.2d at 355. As the EHI plan lacks the first factor, that the employer does not contribute to the plan,[7] it does not fall within the "safe harbor" provision.[8]

The third step of the test set forth in *Meredith* is to determine whether the plan was set up by an employer who intended it as a benefit to his employees. The record reflects that the EHI plan, procured by the employer, Progressive Communications, Inc., was established for the purpose of providing benefits to the plan participants and beneficiaries.[9] Hence, it is clear that the plan at

---

6. The saving clause exemption to the preemption clause, 29 U.S.C. § 1144(b)(2)(A), does not apply in this case as the allegations do not involve state law which regulates insurance, banking, or securities.

7. Plaintiff's First Amended Complaint ¶ 19.

8. The remaining three characteristics need not be considered.

9. In fact, the group application form expressly states that "YOU, the participating Employer, Policyholder or Contractholder, intend to establish, sponsor and endorse an Employee Benefit Plan which will be governed by the Employee Retirement Income Security Act of 1974 (ERISA)." Exhibit A, Attachment 2 to Plaintiff's Reply To Defendants' Response To Plaintiff's Motion For Summary Judgment (Docket Entry # 44).

issue in the instant case is an ERISA plan as defined above.

■ For ERISA to preempt the state law, as noted above, that law must relate to the ERISA employee benefit plan. The United States Supreme Court has stated that "relate to" is to be " ' . . . given its broad common-sense meaning, such that a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." ' " *Pilot Life Ins. Co.,* 481 U.S. 41, 49, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (citations omitted). A state claim, brought by a participant or beneficiary, for improper processing of a claim for benefits under an ERISA plan is clearly preempted by ERISA; the Fifth Circuit has held, however, that "ERISA preempts state law claims, based on breach of contract, fraud, or negligent misrepresentation, that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled." *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990) (*citing Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 758 (5th Cir. 1990); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1295 (5th Cir.1989)). The court is mindful of the appellate court's admonishment that:

> the most important factor for a court to consider in deciding whether a state law affects an employee benefit plan 'in too tenuous, remote, or peripheral a manner to be preempted' is whether the state law affects relations among ERISA's named entities. '[C]ourts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and

an outside party, or between two outside parties with only an incidental effect on the plan.[']

*Memorial Hospital System,* 904 F.2d at 249 (footnote omitted) (*citing Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1467–68 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987)).

This factor is clearly satisfied under the facts of the instant case.

The state law actions involved in the case at bar relate to the EHI policy, an ERISA plan, obtained by Progressive Communications, Inc. All of the claims in the present case pertain to the question of coverage under the policy for Karri Leach's pregnancy and, subsequently, for her baby. Thus, the state law claims involving EHI and the Leachs relate to the ERISA benefits plan, namely the EHI insurance policy. As noted above, none of the claims have any characteristics that would exempt them from the expansive definition of "related to" set out above.

■ The Leachs contend that ERISA does not preempt their state law claims because there was no ERISA plan in existence at the time that they are claiming their actions arose. A similar argument was rejected by the Fifth Circuit in *Perkins v. Time Ins. Co.,* 898 F.2d 470 (5th Cir.1990). In *Perkins,* a case involving erroneous preformation representations about the scope of the policy's coverage, the court held that Mr. Perkins' claims under state law, against the insurance company, were preempted by ERISA. *Id.*[10] The Leachs' allegations of preformation misrepresentations are similarly preempted against EHI.[11]

---

**10.** *See also Cornett v. Aetna Life Ins. Co.,* 933 F.Supp. 641, 644 (S.D.Tex.1995) ("Plaintiff contends that her claim does not 'relate to' an ERISA plan because 'no ERISA plan of which Plaintiff was a beneficiary was even in existence at the time of [Defendant's alleged] misrepresentations.' . . . . [T]his is a distinction without a difference. . . . The Fifth Circuit has held that state law claims brought by non-eligible persons claiming entitlement to plan benefits are

preempted by ERISA. . . . Moreover, the Fifth Circuit has held on several occasions that ERISA's preemption bars state law causes of action even though ERISA may provide no remedy for victims of fraud and misrepresentation.") (footnote and citations omitted).

**11.** The Leachs also argue that EHI is liable through an agency relationship with Heydari. This theory, too, is preempted by ERISA.

## B. *Remaining Claims*

It is undisputed that the coverage in question in this action, namely coverage for the minor daughter's pregnancy and for her baby, is not provided by the EHI policy procured by Progressive Communications, Inc. The Leachs are not permitted to modify or expand the coverage provided in the plan, *see Memorial Hospital System*, 904 F.2d at 245, and there are no viable claims under ERISA. Hence, there is no genuine issue of material fact concerning EHI's liability to the Leachs. Consequently, Plaintiff's Motion For Summary Judgment must be **GRANTED** as to its declaratory judgment action complaint [12] and to the Leachs' counterclaim against it (EHI).

This court notes, however, that this conclusion in no way impinges upon the Leachs' claims against Heydari, the agent, who was not a party to the summary judgment motion.[13] The Leachs claim numerous state law causes of action against Heydari arising from his alleged misrepresentations.

The jurisdiction of a federal court over pendent state claims was broadly defined in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *United Mine Workers* has been interpreted as conferring considerable discretion in the trial court with respect to the exercise of jurisdiction over pendent state claims. *Silva v. Vowell*, 621 F.2d 640 (5th Cir.), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 941, 67 L.Ed.2d 111 (1981).

Because this court lacks an independent basis of federal jurisdiction after the federal claims upon which jurisdiction was founded are dismissed and this case is not so far along as to prejudice the parties, the court declines to exercise supplemental jurisdiction over the pendent state claims. Therefore, these remaining state law claims are hereby **REMANDED** to state court.[14]

Plaintiff has also asked the Court to award attorneys' fees and costs.[15] The Declaratory Judgment Act permits the recovery of attorney's fees only if they are recoverable under non-declaratory judgment circumstances. *Mercantile Nat'l Bank at Dallas v. Bradford Trust Co.*, 850 F.2d 215 (1988). ERISA's attorney's fees provision provides, in pertinent part:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court, in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).

An award of attorney's fees is discretionary. *Todd v. Group Accident Insurance Plan for Employees of E–Systems, Inc.*, 47 F.3d 1448 (5th Cir.1995); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1016 (5th Cir.1992).

The Fifth Circuit has generally required that the courts consider the following five factors in deciding whether to award fees to a party under Section 1132(g)(1): A court should consider (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against an opposing party would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980).

The court must apply a two-step analysis. First, the court must determine whether the party is entitled to attorneys' fees by apply-

---

**12.** This conclusion moots Plaintiff's action against Heydari, set forth in its amended complaint.

**13.** *See Perkins*, 898 F.2d at 473: "[A] claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly. A state law claim of that genre, which does not affect the relations

among the principal ERISA entities ... as such, is not preempted by ERISA."

**14.** As the Leachs' state court action, which was removed to federal court and consolidated with the present action, is virtually identical to the Third Party Complaint in the instant case, it, too, is remanded to state court rather than merely being severed from this action.

**15.** Plaintiff's First Amended Complaint ¶ 29.

ing the *Iron Workers Local No. 272* test. Then, if the party has demonstrated entitlement to a fee award, the court must apply the lodestar calculation of *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *Salley,* 966 F.2d at 1017; *Todd,* 47 F.3d at 1459.

■ In this case, the court finds that attorneys' fees are not warranted, despite the granting of plaintiff's motion for summary judgment. There is no evidence in the record of bad faith on the part of the Leachs; it does reflect, however, that Mr. Leach has suffered financially, bringing into question the Leachs' ability to satisfy an attorneys' fees award. There is also no indication that such an award would deter others under similar circumstances. Though, obviously, the court has determined that the Leachs' position has less merit than EHI's, ERISA preemption of state law tort and contract claims raises difficult and significant legal questions regarding ERISA. The Plaintiff has not presented an argument supporting its request for attorneys' fees, and the court does not determine that such an award is warranted under the facts of this case.

### III. *Conclusion*

For the foregoing reasons, this court hereby **GRANTS** Plaintiff's Motion For Summary Judgment, thereby **GRANTING** declaratory judgment relief to the Plaintiff against the Leachs, **MOOTING** Plaintiff's action against Heydari, and **DISMISSING** all state law claims asserted against the Plaintiff in the Leachs' counterclaim. All remaining state law claims are hereby **REMANDED** to state court. Furthermore, Plaintiff's request for attorney's fees is **DENIED.**

This is a final judgment.