**Grover LEE, et al.,
Plaintiffs–Appellants,**

v.

**E.I. DuPONT de NEMOURS AND COMPANY, Defendant–Appellee.**

No. 89–2549
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1990.

Rehearing Denied April 12, 1990.

A. Randall Friday, Crady, Jewett & McCulley, Houston, Tex., for plaintiffs-appellants.

Tony P. Rosentein, Deborah A. Verbil, Baker & Botts, Houston, Tex., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiffs-appellants Grover Lee, Leroy Granger, Bob Roach, Robert E. Oldham, Hoot Gibson, and Benton J. Kuebodeaux (collectively plaintiffs) appeal the dismissal of their state law fraud action against E.I. Dupont de Nemours & Co. (DuPont), their former employer. We affirm.

Facts and Proceedings Below

All six plaintiffs retired from Dupont's Sabine River Works chemical plant in Orange, Texas, on December 31, 1984. At the time, DuPont had in effect a corporate retirement plan, which is subject to the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. § 1001 *et seq.*, and which allowed early retirement with reduced benefits. All of the plaintiffs were covered by this plan and chose its early retirement option.

Because of rumors circulating prior to their retirement, the plaintiffs had asked some of the managers at the plant whether in the near future DuPont planned to adopt an early retirement incentive plan that would increase benefits for early retirees. Plaintiffs alleged that the managers assured them that no such plan was being considered, although they knew or should have known that at the time DuPont was considering adopting a program called Early Retirement Opportunity (ERO), under which qualifying early retirees would be entitled to increased benefits. Adoption of the ERO program, which increased monthly retirement plan benefits to eligible early retirees, was announced to DuPont employees January 29, 1985, approximately one month after the plaintiffs retired. Because the plaintiffs had retired prior to the announcement of the ERO, they were not eligible to participate in it, as eligibility was restricted to those who elected to retire in March or April 1985. Plaintiffs stated that they would not have retired until they were eligible to participate in the ERO program if they had known it was being considered.

Plaintiffs filed this action in state court in Houston, alleging solely state law claims of fraud and negligent misrepresentation for which they sought to recover only the additional monthly retirement benefits they would have received if they had retired under the ERO program, plus exemplary damages. Alleging diversity and federal question jurisdiction, DuPont removed to federal court. DuPont then filed a motion to dismiss, with supporting affidavit, based on ERISA preemption. The district court initially denied the motion. Several months later, on the same day that the parties filed a joint pretrial order, DuPont moved for reconsideration of the earlier ruling denying its motion to dismiss. Two weeks later at the conclusion of an oral nonevidentiary hearing held on the motion to reconsider, the district court held that the state law claims were preempted by ERISA, granted DuPont's motion to reconsider, and ultimately dismissed the suit on that basis.

## Discussion

The sole issue on appeal is whether the plaintiffs' state law fraud and misrepresentation claims are preempted under the provisions of 29 U.S.C. § 1144(a), which provides:

> "Except as otherwise provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."

Preempted state law includes any state cause of action that relates to an employee benefit plan, even if the action arises under general state law that in and of itself has no impact on employee benefit plans. *E.g.*, *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292 n. 5 (5th Cir.1989). The Supreme Court has given section 1144(a) its "broad common-sense meaning"; it reaches any state law that "has a connection with or reference to" an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). Its purpose is to "establish pension plan regulation as exclusively a federal concern." *Hartle v. Packard Elec.*, 877 F.2d 354, 355 (5th Cir.1989).

The plaintiffs, however, propose a novel rule for construing section 1144. They argue that the scope of preemption should turn on the scope of 29 U.S.C. § 1132(a), the ERISA civil enforcement provision.[1] If a plaintiff's claim is cognizable under section 1132(a), plaintiffs propose, it is preempted by ERISA. If not, then section 1144 does not preempt the claim when as-

---

1. The relevant portion of section 1132(a) provides:

"A civil action may be brought—
    "(1) by a participant or beneficiary—
    "....

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ..."

serted under state law. The plaintiffs further argue that their claim is not cognizable under section 1132(a), because the misrepresentation they allege prevented them from becoming "participants" in the ERO program, which they argue is a prerequisite to standing under section 1132(a). Therefore, plaintiffs contend, section 1144(a) does not preempt their misrepresentation claims.

For authority, plaintiffs rely primarily on *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505–06 (9th Cir.1985), which did allow employees to assert state law fraud actions against their employer to recover benefits they would have obtained but for their employer's misrepresentations. We doubt the continuing validity of *Scott*, however, in light of the Supreme Court's subsequent decisions in *Pilot Life, supra,* and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In any case, two recent decisions in this Circuit foreclose the rule that plaintiffs propose. *See Cefalu*, 871 F.2d at 1290; *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989).

In *Cefalu*, an employee of B.F. Goodrich sought to recover benefits that Goodrich orally promised him he would receive if he left employment with that company and opened a Goodrich retail franchise. When he later discovered that the Goodrich retirement plan did not provide for the promised benefits, Cefalu filed a state action for breach of an alleged oral contract. As in the present case, however, the action was removed to federal district court and dismissed. Based on our review of the case law and ERISA's legislative history, and noting that the sole damages alleged were lost benefits under an ERISA plan, we held that ERISA preempted the state contract claim. *Cefalu*, 871 F.2d at 1292–95. We rejected the contention that preemption was avoided because the former employee was not seeking recovery from the plan itself or its assets, but only from his former employer. *Id.* at 1292–93.

We reached essentially the same result in *Degan*. In that case, the plaintiff alleged that he had been induced to accept a separation pay settlement (and to decline an offer of relocation and continuing employment) in part by oral representations on the part of his employer that if he did so he would be eligible for early retirement benefits at age fifty-five. When he reached that age, he discovered that the plan did not provide for the promised benefits, and he filed a state action to enforce his oral contract. Again, the cause was removed to federal court and we affirmed dismissal of the state law claim because of ERISA preemption. *See Degan*, 869 F.2d at 893–95.

As in *Cefalu* and *Degan*, the present plaintiffs seek to recover benefits defined by their former employer's ERISA plan, benefits to which they would have become entitled but for a misrepresentation by their employer, during their employment, on which they relied to their detriment. In both *Cefalu* and *Degan*, we held that ERISA preempted such state law claims, despite the fact that ERISA itself provided no remedy for the alleged misrepresentations.

On this score, *Degan* is particularly damaging to plaintiffs' position, because in *Degan* we affirmed dismissal of the state law breach of contract claim despite our explicit recognition that Degan's oral contract and promissory estoppel claims were "not cognizable in suits to enforce rights to pension benefits" under ERISA. *Degan*, 869 F.2d at 895. Describing the employer's misrepresentation as a "betrayal without remedy," we nonetheless concluded that the congressional policy in favor of exclusively federal regulation of pension plans required the result, and we therefore held the state law claims were preempted under section 1144.

The plaintiffs attempt to distinguish *Cefalu* and *Degan* on the grounds that those cases involved claims for breach of an oral contract regarding the terms of a benefits plan that were actually in effect at the time of the employee's retirement. Thus, they argue, the claims were suits by plan participants for benefits allegedly due to them under an ERISA plan. In contrast, they argue, the tortious misrepresentation in the

present case prevented plaintiffs ever from becoming participants in the ERO.

We reject this distinction. Whether the state action sounds in tort or contract *per se* is irrelevant to the issue of ERISA preemption. *See, e.g., Taylor,* 107 S.Ct. at 1546; *Pilot Life Ins. Co.,* 107 S.Ct. at 1553. Further, plaintiffs' approach would result in different preemption treatment for employer-to-employee misrepresentations depending on whether the misrepresentation concerns, on the one hand, purportedly presently provided for retirement benefits under the employer's ERISA plan or, on the other hand, retirement benefits that will (or will not) be provided for in a future amendment or supplement to the plan. We see no valid basis for such a difference in preemption treatment. The fact that the ERO program was not adopted until after the plaintiffs' retirement is irrelevant to this suit's character as an action that relates to their former employer's pension plan and interferes with the exclusively federal regulatory scheme. And, the plaintiffs' action would impose a state-created duty on the part of pension fund administrators to disclose plan amendments before they are put into effect, a duty which at least one other circuit has said ERISA specifically does *not* impose. *See, e.g., Stanton v. Gulf Oil Corp.,* 792 F.2d 432, 435 (4th Cir.1986). Arguably, such a duty might discourage employers from improving their pension benefits, contrary to the purposes of ERISA. Moreover, whenever favorable amendments did occur, the rule could well result in numerous state law claims for increased benefits by pensioners who, like the present plaintiffs, were unfortunate enough to retire just before the changes were announced.

## Conclusion

We do not decide whether ERISA would provide relief on the facts of this case. Any remedy that does exist, however, must come from within that exclusively federal scheme of pension regulation. We therefore conclude that plaintiffs' state law claim is preempted by section 1144(a). Accordingly, the district court's dismissal is

AFFIRMED.