**Peggy WILLIAMS, et al., Plaintiffs,**

**v.**

**WILLIAMSON–DICKIE
MANUFACTURING
CO., Defendant.**

Civ. A. No. 90–0724–P–C.

United States District Court,
S.D. Alabama, S.D.

Aug. 13, 1991.

W.E. Garrett, Atmore, Ala., for plaintiffs.

Edward A. Dean, Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, Ala., for defendant.

### ORDER REJECTING MAGISTRATE JUDGE'S RECOMMENDATION

PITTMAN, Senior District Judge.

This cause is before the court on review of the Magistrate Judge's (MJ) recommendation that the defendant Williamson–Dickie's motion for summary judgment be granted (doc. # 28). This case arises under the *Employee Retirement Income Security Act,* 29 U.S.C. § 1001, et seq. (ERISA). Following a review of the record, the MJ's

recommendation and the applicable law, it is this court's conclusion that the MJ's recommendation be rejected and the defendant's motion for summary judgment be denied.

The plaintiffs are former employees of the defendant, each of whom left employment with the defendant in Fall, 1988. Prior to January 1, 1989, the defendant had an ERISA-qualified profit sharing plan having a five-year vesting requirement. At the time the plaintiffs ended their employment with defendant, they did not have five years of employment. On January 1, 1989, pursuant to an amendment in the provisions of ERISA, Williamson–Dickie amended the plan to allow vesting of benefits after three years of employment. The plaintiffs subsequently filed this lawsuit alleging that Williamson–Dickie had a duty to disclose to them the impending change in vesting requirements, and that it concealed this information. The plaintiffs allege that this breach of duty denied them the opportunity to continue working until January 1, 1989, when they would have obtained vested rights in the ERISA plan.

■ The MJ recommends that summary judgment be granted in favor of the defendant because the complaint raises a state law claim of fraudulent concealment which is pre-empted by ERISA, and that the employer had no affirmative duty under ERISA to notify the plaintiffs of the impending amendment to the profit-sharing plan. The court agrees with the MJ's analysis of the pre-emption issue raised by the defendant's motion for summary judgment. Any common law state causes of action raised in the plaintiffs' complaint are clearly precluded by ERISA. 29 U.S.C. § 1144(a). Section 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title...." The Supreme Court has found section 1144(a) to be "deliberately expansive," and that "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or [if] the effect is only

indirect." *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The Supreme Court, in *McClendon,* went on to hold that an action asserting a state common law claim is pre-empted if, but for the existence of an ERISA plan, the action could not exist. *Id.* The state claims asserted by the plaintiffs in this case are clearly precluded by the holding in *McClendon;* but for the existence of the plan in question, the plaintiffs would not have a cause of action.

■ The pre-emption issue, however, does not dispose of this case. The plaintiffs' complaint generally alleges a breach of duty on the part of the defendant. Given the broad and liberal reading to complaints allowed by notice pleading, the court finds that the plaintiffs have raised a claim of breach of fiduciary duty under ERISA, 29 U.S.C. § 1104(a). The MJ recommends that, as a matter of law, the facts asserted in the plaintiffs' complaint fail to establish a breach of fiduciary duty under ERISA. The court disagrees and rejects the MJ's recommendation.

■ Employers and trustees to qualified plans are fiduciaries to the plan's beneficiaries under ERISA. ERISA requires that

a fiduciary *shall discharge his duties with respect to a plan solely in the interest of the participants* and beneficiaries, and–

(A) *for the exclusive purpose of: (i) providing benefits to participants* ...; and (ii) defraying reasonable expenses of administering the plan;

(B) *with care, skill, prudence, and diligence under the circumstances then prevailing* that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims....

29 U.S.C. § 1104 (emphasis added). A fiduciary is required to act with loyalty and prudence in favor of a plan's participants. *Evans v. Bexley,* 750 F.2d 1498 (11th Cir. 1985). The fiduciary standards of ERISA must be enforced with uncompromising rigidity, and fiduciaries should exercise their

discretion to serve the interests of all participants in the plan. *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298 (7th Cir.1985); *Talarico v. United Furniture Workers Pension Fund,* 479 F.Supp. 1072 (D.C.Neb. 1979).

The MJ based his recommendation on the Fifth Circuit case of *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th Cir. 1990). In *Lee,* the Fifth Circuit rejected the plaintiffs' state law claims of fraud and misrepresentation, holding that the claims were pre-empted by ERISA. *Id.* at 756. In *Lee,* the plaintiffs alleged that following rumors that DuPont planned to adopt an early retirement incentive plan, they were told by DuPont managers that the rumors were false. *Id.* Approximately one month following plaintiffs' retirement, DuPont adopted the rumored early retirement incentive plan. *Id.* The plaintiffs argued that their claims were not pre-empted by ERISA on the grounds that section 1144 (pre-emption) does not preclude a state claim if it is not cognizable under section 1132(a) (civil enforcement provision). *Id.* at 756–57. The Fifth Circuit rejected the plaintiffs' argument, stating that "we see no [reason] for such difference in preemption treatment. The fact that the ERO program was not adopted until after the plaintiffs' retirement is irrelevant to this suit's character as an action that relates to their former employer's pension plan and interferes with the exclusively federal regulatory scheme." *Id.* at 758.

■ While the facts of the *Lee* case closely parallel those in the instant case, *Lee* is distinguishable because the claims raised by the plaintiffs were exclusively state law claims, not breach of fiduciary duty under ERISA. The MJ held, based on *Lee,* that "plaintiffs would have this Court impose a state created duty on the part of [the defendant] to disclose anticipated amendments to its plan before amendments to the plan became effective. This would impermissably 'interfere with the exclusive federal regulatory scheme' of ERISA." *MJ's Recommendation,* Conclusion of Law # 10, at p. 12. This conclusion of law is in error. A claim for breach of fiduciary duty

is brought pursuant to 29 U.S.C. § 1104, and is therefore within the federal regulatory scheme created by ERISA. The *Lee* case was exclusively concerned with the issue of pre-emption, and not with the nature of a fiduciary's duties.

■ The MJ also asserts that the provisions of ERISA set out various "uniform" standards governing disclosure of information by trustees to an ERISA plan. ERISA has several provisions dealing with the disclosure of information. 29 U.S.C. §§ 1021–24. Section 1021(b)(3) requires that the administrator of a plan shall file with the Secretary (of Labor) material modifications and changes in the plan, as set out in section 1022(a)(2). The manner in which the filing should be made is set out in section 1024(a)(1)(D), which states that "the administrator of any employee benefit plan ... shall file with the Secretary—(D) modification and changes referred to in [section 1022] within 60 days after such modification or change is adopted or occurs, as the case may be."

While these disclosure provisions provide a complex scheme governing the reporting of modifications by plan administrators to the Secretary of Labor, the court finds that they do not address questions of disclosure by plan fiduciaries to plan participants. There is no conflict with the disclosure provisions set out above and the duty alleged by the plaintiffs. A requirement that the employer give simple notice to its employees of known impending changes in a plan does not interfere with or disrupt the disclosure requirements of sections 1021–24. Therefore, the court rejects the MJ's recommendation that the disclosure provisions of ERISA exclude a fiduciary duty to report to participants of known impending modifications in an ERISA plan.

The court finds that, when the facts are taken in a light most favorable to the plaintiffs, there is alleged a prima facie case of breach of fiduciary duty by the defendant. Several questions of disputed fact in this case exist. If the plaintiffs can prove at trial that the defendant knowingly and deliberately withheld information of a material modification of the plan's vesting re-

quirements, then they would be entitled to recovery. Therefore, the court finds that summary judgment is inappropriate in this case.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED, that the MJ's recommendation is REJECTED. The defendant Williamson–Dickie's motion for summary judgment is due to be and hereby is DENIED.