Dorothy **BETTIS,** Plaintiff,

v.

**J.J. THOMPSON, et al., Defendants.**

**Civil Action No. H–93–2976.**

United States District Court,
S.D. Texas,
Houston Division.

June 27, 1996.

Stuart M. Nelkin and Merle Faye Hoffman, Houston, Texas, for Plaintiff.

David M. Rivet and David C. Askin, Houston, Texas, for Defendant.

OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

1. *Introduction.*

Dorothy Bettis has sued Exxon, Friendswood Development Corporation, and Jim Thompson for misrepresentation, breach of fiduciary duty, and sexual discrimination. Bettis retired just before a new retirement program became effective. She claims that other employees were told that this program was being considered before they retired and were able to change their retirement dates to take advantage of the new plan. She sues on the ground that, because she is a woman, she was not told about the plan although others were.

2. *Background.*

Dorothy Bettis worked for Friendswood as Jim Thompson's secretary. Thompson is vice-president of Friendswood. Friendswood is a wholly owned subsidiary of Exxon. On May 1, 1992, Bettis voluntarily retired. Her

last day of work was March 31 because she took vacation time from April 3 through 16. On May 15, Friendswood announced a new, enhanced retirement program named the Special Program of Separation Allowances. It was made available to all employees on the payroll on May 15. Bettis was ineligible because she had already retired.

The program was not formally disclosed to employees before May 15, although rumors about the possibility of another program began to circulate in early 1992. There had been several in recent years. John Bruton, Charles Melton, and Harvett Scott, other Friendswood employees, heard these rumors and changed their retirement dates so they could be included in the program. Bruton and Scott told Bettis of the rumors they had heard. Bettis asked Thompson in March if there was to be a program. Thompson denied the rumors and refused to discuss or speculate on the possible changes to Exxon's retirement plan. On March 16 and 17, Bettis spoke with Sherri East, her benefits counselor who worked directly for Exxon. East told Bettis that she did not know about the possibility of the program beyond the rumors that were circulating. In late March or April, Melton told Bettis that he believed the rumors.

Exxon did not tell Thompson before April 8 that a program was under active consideration for imminent adoption. He did not discuss the existence or terms of the program with other employees until it was announced on May 15. Thompson's refusal to discuss the unofficial plan was company policy and, more importantly, his personal oath. Bettis has produced no evidence to suggest that he told anyone before Friendswood's official announcement of the new plan on May 15.

### 3. The Retirement Plan and ERISA.

■ The Employee Retirement Income Security Act of 1974 (ERISA) governs employee benefit plans. 29 U.S.C. §§ 1001–1461. The act preempts state law if the plan is an employee benefit plan. *Id.* § 1144(a); *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 756 (5th Cir.1990).

■ Bettis argues that the program is not an ERISA plan because it includes a lump-sum severance payment requiring no further administrative responsibility. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 7, 107 S.Ct. 2211, 2214, 96 L.Ed.2d 1 (1987). When the state statute imposes a direct obligation on the employer, the state law does not purport to affect an obligation of a plan. Unlike a statutory requirement for severance pay, Exxon has had a plan for years. Variations of the current plan have been in effect within Exxon since before September 1991. It has a plan number under ERISA, and the plan requires an administrative group systematically to calculate benefits based on years of service and final salary. The program is an ERISA plan. *See, e.g., Whittemore v. Schlumberger Technology Corp.*, 976 F.2d 922, 923 (5th Cir.1992) (holding severance pay for four employees instead of notice of termination to be an "employee welfare benefit plan" within the meaning of ERISA); *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1253 (5th Cir.1993) (affirming decision that severance benefit program is a limited benefits plan under ERISA).

### 4. Common Law Misrepresentation.

■ Bettis's misrepresentation claim under Texas law is preempted by the federal statute because it attempts to expand the plan's limited benefits. *Lee,* 894 F.2d at 756.

### 5. Misrepresentation and Breach of Fiduciary Duties under ERISA.

Bettis claims that Exxon, Thompson, and Friendswood breached their fiduciary duty to her under ERISA. First, Bettis claims that Exxon, Thompson, and Friendswood made material misrepresentations to her by telling her that no program was planned. This claim is for the refusal of an administrator to supply requested information. The law compels the plan administrator to furnish specific information to a plan participant on request. 29 U.S.C. § 1132(c)(1)(B).

■ The idea of imposing a fiduciary duty affirmatively not to mislead a beneficiary once a company has begun to take a plan into serious consideration is unworkable. The duties owed by a fiduciary under ERISA

are codified at 29 U.S.C. § 1104, which provides in relevant part:

(A) Prudent man standard of care[:] (1) ... a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries and ... (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

Moreover, "[i]t is not a violation of ERISA to fail to furnish information regarding amendments before these amendments are put into effect." *Pocchia v. NYNEX Corp.*, 81 F.3d 275, 278 (2d Cir.1996) (deciding a very similar issue where a pension plan beneficiary brought suit against a fiduciary under ERISA, claiming the plan fiduciary violated ERISA by not informing him before his voluntary resignation that it had decided ·to implement a new early retirement plan). Courts recognize that a plan may be formally adopted by a fiduciary before it becomes effective and reasonably believe that when this occurs, it is the adoption date, rather than the effective date, that gives rise to the duty to disclose. *Pocchia*, 81 F.3d at 278.

Here, Exxon is constantly considering its labor costs, determining whether it should reduce its number of employees, and deciding how best to compensate them. The plan was not final until May 15. Many changes could have been made before then, especially during March when Bettis sought information about the plan. The only duty a corporation has to employees is accurately to explain the current state of affairs about the pensions plan then in effect. *Id.*

Second, Bettis says that Exxon, Friendswood, and Thompson are liable for misrepresentation for not disclosing to her that a new plan was under serious consideration. This claim invokes the fiduciary duties of an ERISA plan itself to the beneficiary. 29 U.S.C. § 1104(a)(1). ERISA does not create a duty that requires the disclosure of plan amendments before they are put into effect. *See Lee*, 894 F.2d at 758. A different rule would cause employers to be reluctant to

improve benefits because everyone who retired just before a change could sue. *Id.*

The administrator and officers of Friendswood had no fiduciary duty under the terms of ERISA to inform Bettis of possible future Exxon severance plans. Bettis's causes of action for breach of this duty will be dismissed. Furthermore, Bettis does not have the authority to bring an action under ERISA for breach of fiduciary duties by an ERISA-plan administrator. 29 U.S.C. § 1104(a)(1). This duty does not run to a particular beneficiary or group of beneficiaries; rather the fiduciary owes its duty to the plan as a whole. *Izzarelli v. Rexene Products Co.*, 24 F.3d 1506, 1523 (5th Cir.1994). Because Bettis sued in her own interest only and not for the benefit of the plan, she may not continue.

### 6. *Sexual Discrimination.*

Bettis alleges she was sexually discriminated against because she did not receive the information about the retirement program while three of her male coworkers did. Bettis has not supported her claim of discrimination based on sex.

Bettis admitted in deposition that there was no intentional discrimination based on sex. A male Friendswood employee, C.G. Kilson, also retired on May 1 and was ineligible for the program. Thompson told both men and women that there would be no severance package until the new retirement program was officially announced on May 15. In March Bettis asked him if there would be a severance package, before Exxon told Thompson that it wanted Friendswood to consider another plan.

Although Bettis's fellow male employees, Bruton, Scott, and Melton, changed their retirement dates based on rumors they heard, all three of them shared this information with Bettis. The fact that these three men were friendly with some of Friendswood and Exxon top management and heard rumors from them does not mean that Bettis was discriminated against because of her sex. Unlike this group of her coworkers, Bettis relied on the information from Thompson rather than the rumors and decided not to

change her retirement date. She knew that she could change her retirement date at any time.

Because Bettis has not shown evidence of discrimination based on sex, her causes of action for sexual discrimination under ERISA, Title VII, and the Equal Pay Act fail will be dismissed.

### 7. *Conclusion.*

Bettis's state claim will be dismissed because the program involved in this case is a federal ERISA plan, preempting her common law misrepresentation claim. Because the plan fiduciary owes a duty only to the plan and because there is no fiduciary duty to keep plan members informed about possible changes in the plan, Bettis's causes of action for breach of fiduciary duty will be dismissed. Finally, because Bettis has not shown evidence of sexual discrimination, her discrimination claims will be dismissed.