Wesley H. ADAMCZYK, et al., Plaintiffs,

v.

**LEVER BROTHERS COMPANY, a DIVISION OF CONOPCO, a corporation, Defendant.**

No. 97 C 1332.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 14, 1997.

---

Reuben A. Bernick, Cohon, Raizes & Regal, Chicago, IL, Thomas G. Moukawsher, Moukawsher & Walsh, Groton, CT, for Plaintiffs.

Thomas Andrew Christensen, Rolewick & Gutzke, P.C., Wheaton, IL, Terry James

Smith, Brian Ross Carnie, Matthew Wade Clanton, Kessler Smith & Powen, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiffs Wesley Adamczyk, Robert Boskovich, Matthew Boyle, David Brubaker, Robert Mergesky, Thomas Miller, Thomas Pieters Sr., Ronald Schuttrow, Stanley Wood and James Yager bring this suit against defendant, Lever Brothers Company, their former employer. The amended complaint contains claims pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.* It comprises ten counts, one in respect of each of the plaintiffs. Count I sets out Adamczyk's claim, the terms of which are incorporated by reference into the remaining counts. Defendant has moved to dismiss all ten counts pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted and for failure to plead alleged misrepresentations constituting breach of fiduciary duty with particularity.

Each of the plaintiffs voluntarily retired from defendant's employment between May 1 and October 1, 1995. On November 30, defendant announced a voluntary termination package ("VTP") offering retirement to its employees on terms more favorable than those offered to plaintiffs. The essence of plaintiffs' claims is that defendant misled them regarding its intention to introduce the VTP, both on the basis of what defendant represented as well as what it failed to represent, and that but for defendant's actions they would have delayed retirement so as to avail themselves of the VTP's enhanced benefits. Plaintiffs allege that defendant's actions constitute a breach of fiduciary duties under 29 U.S.C. § 1104 and that defendant is liable for equitable civil relief pursuant to 29 U.S.C. § 1109(a) and 29 U.S.C. § 1132(a)(3). Plaintiffs contend that, if defendant continues to bar them from participating in the plan, defendant will be unjustly enriched and plaintiffs will suffer substantial and irreparable harm, such as to warrant the issuance of injunctive relief.

Defendant moves to dismiss each count of the amended complaint on the following grounds: (1) plaintiffs failed to adequately plead exhaustion of administrative remedies; (2) defendant is not a fiduciary within the meaning of the statute; and (3) plaintiffs failed to state an actionable claim for breach of fiduciary duty in three respects: negligent misrepresentations are not actionable under ERISA, plaintiffs failed to plead intentional misrepresentation with particularity as required by Fed.R.Civ.P. 9(b) and, finally, an employer is not obliged to disclose information regarding the availability of future benefits.

On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R.Civ.P. 8(a)(2); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992). It is also true, however, that a party can plead out of court by alleging facts showing no viable claim. *Jackson,* 66 F.3d at 153–54; *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d

434, 439–40 (7th Cir.1994); *Hrubec v. National Railroad Passenger Corp.,* 981 F.2d 962, 963–64 (7th Cir.1992).

*Exhaustion of Administrative Remedies*

In the amended complaint, it is alleged that plaintiffs have exhausted all administrative remedies. Defendant contends that this conclusory allegation is insufficient and that the case should be dismissed for failure to adequately plead exhaustion.

The enforcement provision of ERISA on which plaintiffs rely does not expressly require exhaustion of administrative remedies as a prerequisite to the bringing of a civil suit. 29 U.S.C. § 1132. Exhaustion is not a jurisdictional requirement, but a judicially created doctrine furthering the strong federal policy of encouraging private resolution of ERISA-related disputes. *Kross v. Western Elec. Co.,* 701 F.2d 1238, 1244 (7th Cir.1983); *Healy v. Axelrod Const. Co. Pension Plan & Trust,* 787 F.Supp. 838, 842 (N.D.Ill.1992). It is well settled in this circuit that the decision to require exhaustion is a matter within the discretion of the trial court. *Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir.1996); *Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991). As a general rule, an ERISA plaintiff must exhaust all available administrative remedies, but the requirement is relaxed in two instances: when a plaintiff is denied meaningful access to administrative procedures and when exhaustion would prove futile. *Wilczynski v. Lumbermens Mutual Casualty Co.,* 93 F.3d 397, 402–03 (7th Cir. 1996); *Smith v. Blue Cross & Blue Shield United of Wis.,* 959 F.2d 655, 658–59 (7th Cir.1992); *Evans v. SwedishAmerican Corp.,* 1993 WL 487538, *5 (N.D.Ill. Nov.15, 1993); *Hartness v. Printing & Graphic Arts Union No. 3,* 1988 WL 117496, *5 (N.D.Ill. Oct.24, 1988); *Carter v. Signode Industries, Inc.,* 688 F.Supp. 1283, 1286–88 (N.D.Ill.1988).

There is a split among the circuits as to whether the exhaustion doctrine applies to actions for breach of fiduciary duties. Some federal courts of appeal hold that plaintiffs should be able to proceed directly to federal court where the claim involves alleged violations of statutory rights. *Zipf v. AT&T Co.,* 799 F.2d 889, 891–92 (3d Cir.1986); *Amaro v. Continental Can Co.,* 724 F.2d 747, 752 (9th Cir.1984). However, the Seventh Circuit has stated that the statutory basis of a claim for breach of fiduciary duties is insufficient to override federal policies underlying the exhaustion doctrine. *Powell,* 938 F.2d at 825; *Kross,* 701 F.2d at 1245. *Accord, Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1227 (11th Cir.1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). In exercising discretion, some courts in this district have refrained from requiring exhaustion under these circumstances. *Korchek v. Nichols–Homeshield,* 1997 WL 619869, *6 (N.D.Ill. Sept.30, 1997); *Bartz v. Carter,* 709 F.Supp. 827, 828 (N.D.Ill.1989).

In the present case, it is not necessary to determine how to exercise the discretion. Exhaustion of administrative remedies is properly raised not as an element of a claim but as an affirmative defense. If defendant believes plaintiffs have failed to meet the exhaustion requirement, it should be raised as such. An affirmative defense will only support a motion to dismiss under Rule 12(b)(6) when a plaintiff's allegations clearly point to the existence of the defense. *ALA, Inc., v. CCAIR, Inc.,* 29 F.3d 855, 859 (3rd Cir.1994); *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas,* 20 F.3d 1362, 1366 (5th Cir.1994). See also 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 348–56 (2d ed.1990). In other words, the fact that a plaintiff has failed to exhaust administrative remedies must appear plainly on the face of the complaint. *Pueblo de Cochiti v. United States,* 647 F.Supp. 538, 542 (D.N.M. 1986).

The amended complaint states that all administrative remedies have been exhausted. On its face, it reveals no suggestion to the contrary. The pleadings of defendant and plaintiffs in support of and against the motion to dismiss, respectively, offer conflicting accounts as to the nature and sufficiency of the steps plaintiffs took to exhaust administrative remedies. However, it is more appropriate to consider these arguments on a motion for summary judgment or at trial, should defendant decide to raise the issue.

At that time, the questions of meaningful access to administrative procedures and of futility may also be addressed. Accordingly, the claims will not be dismissed for failure to adequately plead exhaustion.          .

### Employer as Fiduciary

ERISA was enacted in part to protect the "interests of participants in employee benefit plans ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." 29 U.S.C. § 1001(b).   The United States Supreme Court has stated that the statutory provisions relating to fiduciary duties should be interpreted bearing in mind their common law origins and the nature and purpose of the statute. *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 1072–73, 134 L.Ed.2d 130 (1996).

This case is unusual in that plaintiffs assert an entitlement to participate in a plan that came into existence after they retired and after the alleged breach of fiduciary duties took place.   The statute applies to a benefit offering that amends an existing ERISA plan or when the offering constitutes an ERISA plan in its own right. *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 666 (2d Cir.1994). The parties agree that the VTP is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).   The amended complaint does not expressly set out an alternative allegation that the VTP is an amendment to an existing ERISA plan.   It appears from the record that defendant's existing plans were also covered by ERISA.[1]   Even if it is assumed that the VTP is not an amendment to an existing plan, at the time of the alleged

breach of fiduciary duties the VTP constituted a future offering by an ERISA employer.

Plaintiffs seek enforcement of their ERISA entitlements on the basis of 29 U.S.C. § 1132(a)(3) which provides in relevant part that a "participant" in a plan may bring a civil action to enjoin an ERISA violation or obtain other appropriate equitable relief.   Under the statute, an employee or former employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan" is deemed to be a participant in the plan.   29 U.S.C. § 1002(2)(A)(7).   Plaintiffs allege that they would have been eligible to participate in the VTP and defendant does not contest that they are participants within the meaning of the section.[2]   However, defendant does dispute that its own actions bring it within the scope of the statute's definition of fiduciary.

In order to be found liable for breach of fiduciary duties, a defendant must be an ERISA fiduciary.   The statute provides for various classifications of fiduciary, some particular and others general.   Each plan has one or more "named fiduciaries," who are subject to particular duties and liabilities under the Act. 29 U.S.C. § 1102(a)(1).   One such formally designated fiduciary is the "plan administrator," who is usually identified as such by the terms of the plan.   By default, the plan may be administered by its sponsor, generally the employer. 29 U.S.C. § 1002(16)(A)–(B).   In practice, a broad array of persons may become involved in the administration of a plan and, depending upon the functions each performs, may qualify as fiduciaries.   The statute provides that "any person" is a fiduciary with respect to a plan to the extent that he or she "exercises any

---

**1.** The record is unclear as to the exact nature of the employee benefits program in effect when plaintiffs retired.   Exhibits attached to the pleadings suggest that the plan or plans in effect prior to the implementation of the VTP were covered by ERISA.   *See* Summary Plan Description attached to Defendant's Memorandum; Exhibit A attached to Plaintiffs' Reply which contains letters from plaintiffs' attorney to defendant's Employee Benefit Administrator.

**2.** An employee must establish a colorable claim to benefit entitlement in order to come within the zone of interests ERISA was intended to protect. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S.

101, 117–18, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 701 (1st Cir.1994); *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir.1991). When the claim relates to communications regarding the availability of plans, it is sufficient that a plaintiff be a member of a class of employees to whom the plan in question was eventually offered. *Swinney v. General Motors Corp.*, 46 F.3d 512, 519 (6th Cir.1995). *Drennan v. General Motors Corp.*, 977 F.2d 246, 250 (6th Cir. 1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993).

discretionary authority or discretionary control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

In keeping with Congressional intent, courts have applied a broad construction of the term fiduciary. *Varity*, 116 S.Ct. at 1072–73; *Farm King Supply, Inc. Plan & Trust v. Jones & Co.*, 884 F.2d 288, 291–92 (7th Cir.1989); *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir.1987). The definition is a functional one: a person may be a fiduciary for the purposes of plan management or administration but not for other purposes. *John Hancock Mut. Life Ins. Co. v. Harris Trust & Savings Bank*, 510 U.S. 86, 94–96, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 260–62, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *Blatt*, 812 F.2d at 812. Specifically, an employer may wear two hats simultaneously, that of employer and that of administrator. *Varity*, 116 S.Ct. at 1071; *Johnson v. Georgia–Pacific Corp.*, 19 F.3d 1184, 1188 (7th Cir.1994). It is well settled that an employer is not a fiduciary when making policy decisions such as whether to adopt, modify or terminate a plan. *Lockheed Corp. v. Spink*, 517 U.S. 882, 116 S.Ct. 1783, 1789–90, 135 L.Ed.2d 153 (1996); *Curtiss–Wright Corp. v. Schoonejongen*, 514 U.S. 73, 115 S.Ct. 1223, 1228, 131 L.Ed.2d 94 (1995); *Johnson*, 19 F.3d at 1188; *Milwaukee Area Joint Apprenticeship Training Committee for Elec. Industry v. Howell*, 67 F.3d 1333, 1338 (7th Cir.1995). Plaintiffs concede that defendant's decision to adopt the VTP was not a fiduciary act but argue that defendant's communications with plaintiffs regarding that decision were fiduciary in character.

Plaintiffs rely on *Varity*, in which a majority of the Supreme Court held that an employer was acting as an ERISA fiduciary when it misled its employees regarding the security of their benefits in the event of a voluntary transfer to a separately incorporated subsidiary. The Court stated that while an employer's decision to amend or terminate a plan is not an act of plan administration, "it does not follow that making statements about the likely future of the plan is also beyond the scope of plan administration." *Varity*, 116 S.Ct. at 1074.

The present case is factually distinguishable from *Varity* in that plaintiffs have characterized the VTP as a new offering rather than an amendment to an existing offering. Nevertheless, communications regarding future, as opposed to existing, plans have also been characterized as fiduciary acts. *Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154, 1163 (6th Cir.1988) (any communication or representations made to employees prior to employer's non-fiduciary business decision were fiduciary). Where an employer gives "serious consideration" to the implementation of a new plan, he or she has a fiduciary duty not to make misrepresentations about the future offering. *Mullins*, 23 F.3d at 668–69; *Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir.1993), *cert. denied*, 510 U.S. 1020, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993); *Drennan v. General Motors Corp.*, 977 F.2d 246, 251 (6th Cir.1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993). Some courts have declined to follow this principle. *See, e.g., Bettis v. Thompson*, 932 F.Supp. 173, 175 (S.D.Texas, 1996) ("The idea of imposing a fiduciary duty affirmatively not to mislead a beneficiary once a company has begun to take a plan into serious consideration is unworkable"). In contrast, the Second Circuit has gone further than the authorities cited above and held that affirmative material misrepresentations about future offerings may be actionable as breaches of fiduciary duties under ERISA even absent a showing of "serious consideration". *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 122–24 (2d Cir.1997).

It may be difficult to determine the exact point at which an offering is under serious consideration. The Tenth Circuit has recently held that serious consideration of a future offering does not occur until a specific proposal is the subject of discussion by senior management with authority to implement the change. *Hockett v. Sun Co.*, 109 F.3d 1515, 1518 (10th Cir.1997). In the present case, the factual record has yet to be developed in this regard. Nevertheless, consistent with the standard in *Hockett*, each plaintiff alleges

that at the time of his retirement, defendant was actively developing the VTP.

Defendant suggests a further distinction between *Varity* and the present case, namely that in *Varity* the employer was also the plan administrator. It cites *Varity* for the proposition that an employer may be liable for breach of fiduciary duty only where it acts as the plan administrator. The amended complaint alleges merely that defendant was a fiduciary. The record is unclear as to delegation of administrative authority over the VTP and defendant's pre-existing plans. Documents attached to the pleadings show that there exists an administrative committee and administrators in respect of defendant's benefit plans. These persons may be plan administrators but it is by no means clear that they act independently of defendant.[3] *Nilles v. Sears, Roebuck & Co.*, 1997 WL 610339, *22 (N.D.Ill. Sept.29, 1997) (corporate employer is effectively the administrator of a plan when a corporate official employee is the designated plan administrator). But, even assuming defendant was not the plan administrator, defendant's argument faces a number of obstacles.

Defendant's proposition rests on a status-based distinction between the plan administrator and other potential fiduciaries. As a practical matter, a status-based distinction may be meaningless in a case such as the present where the breach of fiduciary duties concerns a future offering. Until there is a plan in existence, it is hard to see how there can be a designated plan administrator. Yet, fiduciary acts can occur, such as where an employer who is seriously considering a future offering communicates with his or her employees on the subject. One salutary reason for casting the employer in the role of fiduciary in this situation might be that the employer is acting as the plan administrator by virtue of the default principle contained in the statute. 29 U.S.C. § 1002(16)(A)–(B).

However, a plain reading of the statute provides a better explanation that applies to situations involving present as well as future plans.

While a formal title, such as plan administrator, may be indicative of fiduciary capacity, it is not dispositive. *Mertens*, 508 U.S. at 260–62; *Acosta v. Pacific Enterprises*, 950 F.2d 611, 617–18 (9th Cir.1991). Under the statutory definition, whether the employer acts as a fiduciary does not depend on whether the employer is or is not the plan administrator. The Act provides that any person may engage in discretionary acts in respect of a plan and thereby assume fiduciary duties. 29 U.S.C. § 1002(21)(A). Thus, persons other than plan administrators may be fiduciaries and may so act, independent of the actions of the plan administrator. This conclusion is supported by the functional definition of the term "fiduciary," the broad interpretation afforded fiduciary acts and the special role of plan administrators within the statutory scheme. The case of an employer is unique since an employer, as plan sponsor, may designate a plan administrator or choose to administer the plan. But even where the employer appoints a plan administrator, the statute allows for the possibility that the employer will act as a fiduciary. It is the nature of the act and not the persona of the actor that determines fiduciary capacity.

Defendant overstates the holding in *Varity*. The defendant in that case was both employer and plan administrator; the Court did not say what it would conclude had the employer not been the plan administrator. The status of plan administrator may be indicative of fiduciary capacity and, while the Court did not single it out as decisive, it was clearly an important stepping stone to its judgment. At the same time, it was the nature and context of the function which the employer performed that proved decisive.

---

**3.** The statute envisions that the plan administrator will generally be identified in the plan instrument. 29 U.S.C. § 1002(16)(A)(i). Neither party has provided a copy of the plan instrument nor extracts thereof. Defendant has attached an extract from a summary plan description booklet which summarizes several benefit plans and programs. It states that the plans are administered by the Benefits Administration Committee for Union Plans of Lever Brothers Company ("BAC"). Plaintiffs have attached as exhibits, correspondence which plaintiffs' attorneys conducted with a Lever Brothers Company Employee Benefits Administrator. Both the BAC and the Administrator have an address at the corporate offices of Unilever in New York City. The exact relationship between Unilever and defendant Lever Brothers is unclear.

The Court stated that, in communicating with employees about the likely future of plan benefits, the employer was exercising a power appropriate to carrying out an important plan purpose. *Varity*, 116 S.Ct. at 1073. The nature of the communications at issue in *Varity* and in the present case would appear to go beyond the disclosure requirements that the statute imposes specifically on plan administrators. 29 U.S.C. § 1021. To the extent to which they are related to plan administration, such communications trigger fiduciary duties on the part of the communicator, regardless of his or her identity. Even where an independent plan administrator has been appointed, it is entirely possible that it will be the employer that engages in such communications with the employees. Neither the statute nor the Supreme Court's holding in *Varity* precludes the possibility that the employer acts as a fiduciary in such a case.

In *Varity*, certain factors pointed to the conclusion that the employer was wearing its fiduciary hat when it made the statements in question: the employer furnished the employees with detailed plan information, the information was conveyed by persons having authority to communicate as fiduciaries, and reasonable employees could have perceived that the employer was communicating as a fiduciary. *Varity*, 116 S.Ct. at 1073–74; *see also Nilles*, 1997 WL 610339, *28–29.

From the allegations in the present case, it may reasonably be inferred that defendant communicated with each of the plaintiffs to varying degrees on the subject of plan benefits and, specifically, defendant's intentions regarding the implementation of the VTP. These communications were made by several of defendant's corporate officers, principally members of the defendant's Human Resources Department. *See* Exhibit E attached to Plaintiffs' Reply. Each plaintiff reasonably relied on such communications in reaching his decision to retire. Whether defendant acted as a fiduciary in this case is a question of fact that must await further development of the factual record. At the stage of a motion to dismiss, a plaintiff's allegations must be taken as true and all doubts resolved in favor of the claim. Applying the liberal pleading requirements of Fed. R.Civ.P. 12(b)(6), plaintiffs have stated sufficient facts to support their claims that defendant acted as a fiduciary. Accordingly, defendant's motion to dismiss will not succeed on this ground.

## The Merits of the Claim

Defendant also contends that the amended complaint is insufficient as a matter of law as it does not allege actionable breaches of fiduciary duty. Specifically, defendant argues: (1) negligent misrepresentations are not actionable under ERISA; (2) plaintiffs failed to plead fraud with particularity in accordance with Fed.R.Civ.P. 9(b); and (3) ERISA imposes no duty to disclose information regarding the future availability of plan benefits.

### (1) Negligent Misrepresentations

Defendant contends that negligent misrepresentations are not actionable under ERISA. It relies in part on the holding in *Varity* that an employer breaches its fiduciary duties where it knowingly deceives participants regarding their future entitlements. *Varity*, 116 S.Ct. at 1074. But *Varity* concerned intentional misrepresentation; the Supreme Court was not required to decide whether negligent misrepresentations fell within the scope of the statute. Defendant also cites three decisions from this district in support of this argument. However, none of these decisions speaks directly to the issue. Two of these cases concerned claims based on estoppel. *See Jandek v. A.T. & T. Corp.*, 1995 WL 476608 (N.D.Ill. Aug.10, 1995); *Foster McGaw Hospital v. Bell Industries, Inc.*, 1996 WL 3964 (N.D.Ill. Jan.2, 1996). The third case did not raise an ERISA claim. *Benditz v. Local 1540, United Food & Commercial Workers Union*, 1992 WL 220671 (N.D.Ill. Sept.3, 1992).

ERISA provides in relevant part that a fiduciary shall discharge his or her duties with respect to a plan "solely in the interest of the participants and beneficiaries," 29 U.S.C. § 1104(a)(1), and "with the skill care, prudence, and diligence" of a "prudent man." 29 U.S.C. § 1104(a)(1)(B). The scope of a fiduciary's duties is broadly defined. *Varity*, 116 S.Ct. at 1073–75. The Seventh Circuit has recently confirmed that negligent mis-

representation may support a claim for breach of fiduciary duties. *Schmidt v. Sheet Metal Workers' National Pension Fund*, 128 F.3d 541 (7th Cir.1997). In *Schmidt*, the Court held that defendant plan trustees had not breached their fiduciary duties in respect of a negligent misrepresentation by a ministerial employee. This finding was based not on the negligent character of the misrepresentation but rather on the fact that the misrepresentation could not be attributed to the trustees themselves. *Id.*, at 546.[4]

■■■ A fiduciary breaches its duties of loyalty and care by affirmatively misleading plan participants about the operation of a plan or by remaining silent in circumstances when silence could be considered misleading. *Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir.1993). Case law recognizes that this principle applies in respect of negligent as well as intentional misrepresentations. *Berlin*, 858 F.2d at 1163–64 (plan fiduciary had a fiduciary duty not to make misrepresentations, either negligently or intentionally, to potential plan participants concerning a second offering of severance benefits). *Brentwood Nursing & Rehabilitation Center, Inc. v. Janes*, 1989 WL 153395, *2 (N.D.Ill. Nov.14, 1989) ("The fact of the matter is that negligent misrepresentations of plan coverage by fiduciaries have consistently been held to state viable ERISA claims").[5]

Accordingly, defendant's motion to dismiss will not succeed on this ground.

### (2) Pleading Alleged Misrepresentations with Particularity

■■■ Defendant contends that the amended complaint should be dismissed for failure to plead alleged misrepresentations constituting breach of fiduciary duty with particularity in accordance with Fed.R.Civ.P. 9(b). Plaintiffs do not dispute that they have failed to meet the pleading requirements of Rule 9(b). However, they argue that since negligence is

sufficient grounds for recovery under the statute, Rule 9(b) does not apply. Plaintiffs are correct only in so far as they base their claim on negligence. The amended complaint alleges that defendant "knowingly or negligently" misled plaintiffs in breach of defendant's fiduciary duties. To the extent to which plaintiffs allege knowing conduct, plaintiffs have failed to plead facts with particularity as required by Rule 9(b).

Accordingly, defendant's motion to dismiss the amended complaint will be granted with respect to plaintiffs' claims of intentional or knowing misrepresentation, without prejudice to plaintiffs seeking leave to amend their complaint further.

### (3) Duty to Disclose Information

Plaintiffs' claim that defendant breached its fiduciary duties is based not merely on defendant's alleged affirmative misrepresentations, but also on defendant's failure to disclose its intentions regarding the VTP in response to plaintiffs' questions. Defendant contends that this aspect of the claim is not actionable since no such duty to disclose exists under the statute.

■■■ The Seventh Circuit has held that a failure to disclose material information will trigger a breach of fiduciary duties where the fiduciary's silence is misleading. *Anweiler*, 3 F.3d at 991–92 (employer who asked employee to sign agreement changing beneficiary on his life insurance policy breached a fiduciary duty by not explaining that the agreement was optional and that the beneficiary could be changed back at any time); *Eddy v. Colonial Life Ins. Co.*, 919 F.2d 747, 750–51 (D.C.Cir.1990) (fiduciary's statement that insurance could not be continued was misleading since fiduciary knew, but did not inform beneficiary, that insurance could be converted into the type of policy beneficiary desired).

Defendant correctly points out that the Seventh Circuit has also stated that a fiducia-

---

4. Specifically, the Court looked to evidence that the trustees had provided complete and correct information to plan participants and a lack of evidence that they had participated in the misstatement or had failed to exercise care in hiring the employee who made the misrepresentation.

5. Of course, a fiduciary may raise a good faith defense to a claim for breach of fiduciary duties. However, the possibility of a defense does not preclude a plaintiff from stating a viable claim.

ry does not have a duty to investigate and advise as to the circumstances of each individual employee. *Chojnacki v. Georgia–Pacific Corp.,* 108 F.3d 810, 817–18 (7th Cir. 1997). However, defendant is incorrect when it argues that *Chojnacki* somehow casts doubt on the employer's duty to refrain from misleading its employees, whether by affirmative misrepresentation or by silence. The Seventh Circuit considered that *Chojnacki* was "easily distinguishable" from *Anweiler* and *Eddy,* on the ground that there was no misrepresentation in that case, since the statements made to the employees regarding future benefits were accurate. *Id.* at 817. *See also Swinney v. General Motors Corp.,* 46 F.3d 512, 520–21 (6th Cir.1995) (employer did not breach its fiduciary duty where it stated truthfully that employees were not eligible for a voluntary termination package and subsequently changed its mind); *Barnes v. Lacy,* 927 F.2d 539, 544 (11th Cir.1991), *cert, denied,* 502 U.S. 938, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991). While a fiduciary may not be required to volunteer information, *Pocchia v. NYNEX Corp.,* 81 F.3d 275, 278 (2d Cir.1996), he or she must give complete and accurate information in response to participants' questions. *Drennan,* 977 F.2d at 251. In this respect, the duty to disclose is the flip side of the duty to refrain from affirmative misrepresentations.

The case law has recognized limits as to the kind of information that a fiduciary must disclose. A fiduciary is not required to disclose its internal deliberations nor the state of its business, as opposed to fiduciary, activities. *Payonk v. HMW Industries, Inc.,* 883 F.2d 221, 226 (3d Cir.1989). There are further limits with regard to when the duty arises. Defendant seeks to distinguish *Anweiler* on the basis that it concerned the disclosure of information regarding an existing plan. Yet, as noted, fiduciary duties may arise in respect of future offerings. An employer is not required to be perfectly prescient as to all future changes in employee benefits. *Berlin,* 858 F.2d at 1164. But where an employer is seriously considering the implementation of a new plan, he or she has a fiduciary duty not to make misrepresentations. *Mullins,* 23 F.3d at 668–69; *Fischer,* 994 F.2d at 135.

Defendant concedes that a duty to disclose arises where an employer's silence is materially misleading. Plaintiffs allege that this is such a case. By failing to disclose its intentions in response to plaintiffs' questions, defendant would mislead plaintiffs into believing not only that there would be no enhanced benefits but that no such benefits were being considered. It was these beliefs, plaintiffs claim, that prompted plaintiffs to retire before the implementation of the VTP. Thus, the complaint sets out sufficient facts to support a cognizable claim for breach of a fiduciary duty to disclose information regarding future benefits.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [10–1] is granted in part and denied in part. All plaintiffs, claims based on intentional or knowing misrepresentations are dismissed. Defendant shall answer the remaining allegations of the amended complaint within two weeks of the date of this order. All discovery is to be completed by December 31, 1997. Status hearing set for January 6, 1998 at 9:15 a.m.