[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12132
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00023-CV-LGW-1

TERRANCE ROLLAND,

Plaintiff-Appellant,

versus

TEXTRON, INC.,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 12, 2008)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Terrance Rolland appeals the district court's judgment in favor of Textron, Inc. after a bench trial on Rolland's claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101, *et seq.* (ERISA). Specifically Rolland asserts the district court erred in (1) denying a jury trial to him, and (2) finding Textron was not acting in a fiduciary capacity. He further asserts that if the district court was correct in determining that Textron was not acting in a fiduciary capacity, it erred in then not reinstating Rolland's state law claim.

Rolland's claim the district court erred in denying him a jury trial is meritless. It is well-settled that plaintiffs bringing ERISA claims are not entitled to jury trials under ERISA because such claims are equitable in nature. *See Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1287 n.** (11th Cir. 1998); *Hunt v. Hawthorne Assoc., Inc.*, 119 F.3d 888, 907 (11th Cir. 1997); *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996). Thus, this claim is foreclosed by our prior precedent.

Rolland next asserts the district court erred in finding Textron was not acting in a fiduciary capacity. We disagree and affirm the district court' denial of Rolland's ERISA claim for the reasons stated in the district court's well-reasoned order of March 31, 2008.

Lastly, the district court did not err in failing to reinstate Rolland's state law fraud claim when it rejected Rolland's ERISA claim. Rolland's claim was properly an ERISA claim. 29 U.S.C. § 1144 provides that ERISA supersedes any and all state laws as they may relate to any employee benefit plan. "[W]here state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system." *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir.1995). The district court did not err in finding the state law fraud claim was preempted by ERISA, and there was no entitlement for the fraud claim to be reinstated because the ERISA claim was unsuccessful. *See Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755, 758 (5th Cir. 1990) ("We do not decide whether ERISA would provide relief on the facts of this case. Any remedy that does exist, however, must come from within that exclusively federal scheme of pension regulation.").

**AFFIRMED.**