**Ellen S. GOODMAN, Plaintiff,**

v.

**S & A RESTAURANT CORPORATION, Defendant.**

**Civ. A. No. J90–0345(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 20, 1990.

S. Mark Wann, Maxey, Pigott, Wann & Begley, Jackson, Miss., for plaintiff.

Julie Sneed Muller, Phelps, Dunbar, Marks, Claverie & Sims, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff Ellen S. Goodman brought this action against defendant S & A Restaurant Corporation (S & A), asserting state law claims of negligence, promissory estoppel, negligent misrepresentation, fraud and intentional infliction of emotional distress arising from the alleged failure of defendant to process her application for health insurance in a timely manner. Plaintiff asserted alternatively a claim for violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* As damages, plaintiff alleged entitlement to past and future medical expenses which would have been paid by the S & A benefit plan had S & A properly processed her application, together with damages for mental anguish and punitive damages.

The cause is now before the court on defendant's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant seeks summary judgment as to plaintiff's state law claims, counts I through V of her complaint, on the basis that those claims "relate to" an employee welfare benefit plan regulated by ERISA and are therefore preempted by the exclusive remedy provision of ERISA, 29 U.S.C. § 1144(a). Defendant further asserts that since plaintiff's sole remaining claim is under ERISA, the damages recoverable are those provided by ERISA and thus do not include extra-contractual compensatory or punitive damages. Accordingly, defendant requests that plaintiff's demand for such damages be stricken. Additionally, defendant has moved to strike plaintiff's demand for jury trial for the reason that her ERISA claim is equitable in nature. The plaintiff has duly responded to defendant's motion and the court has considered the parties' memoranda of authorities together with attachments in ruling on the motion.

## FACTS

On October 30, 1988, plaintiff became employed by Steak and Ale Restaurant in Jackson, Mississippi. Steak and Ale is owned by defendant, S & A. When Goodman completed her employment form, she did not fill out the section constituting an application for insurance under the S & A group health benefits plan.[1] Plaintiff alleges that within a few days of the commencement of her employment, she filled out a late application or enrollment form requesting health benefits through S & A's insurance program and was informed that a ninety-day probationary period would precede coverage. Plaintiff maintains that, after the expiration of the probation period, she inquired regularly of Steak and Ale management personnel about her enrollment, and was informed that the matter of her insurance had been taken care of and she was covered. In reliance on those representations, she did not secure other insurance coverage.

After she had been employed for approximately eight months, Goodman was involved in an automobile accident. She was hospitalized on July 11, 1989 as a result of the accident, and it was at that time she first discovered that no enrollment form had ever been submitted and that she was not covered by S & A's health benefit plan.

## PREEMPTION

■ The issue presented by defendant's motion is whether plaintiff's state law claims are preempted under the provisions of 29 U.S.C. § 1144(a), which provides in pertinent part that "the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan...."[2] Therefore, if a state

---

1. The section, entitled "Insurance Enrollment," stated: "COMPLETE THIS SECTION IF YOU WISH TO PARTICIPATE IN S & A'S INSURANCE PROGRAM. FAILURE TO COMPLETE ALL LINES WILL RESULT IN A DELAY IN COVERAGE."

2. The parties do not dispute that the S & A plan is an employee welfare benefit plan under

law "relates to" an employee benefit plan, it is preempted. Courts construing ERISA's exclusivity provision have consistently recognized Congress's intention that it be broadly interpreted. Indeed, Congress intended that the field of employee benefit plans be regulated exclusively by federal law. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir.1990) (Congress's goal was to create exclusive federal enclave for regulation of benefit plans); *Cefalu v. B.F. Goodrich*, 871 F.2d 1290 (5th Cir.1989) (same). Consistent with that recognition, courts have afforded ERISA's preemption an expansive reach, giving the phrase "relate to" "its broadest common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). "Because of the breadth of the preemption clause and the broad remedial purpose of ERISA, 'state laws found to be beyond the scope of § 1144(a) are few.'" *Cefalu*, 871 F.2d at 1294 (5th Cir.1989) (quoting *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir.1986)). Not only are state laws which are "specifically designed to affect employee benefit plans" preempted by ERISA, *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900, but "general state law[s] that in and of [themselves] ha[ve] no impact on employee benefit plans" are also preempted. *Lee v. E.I. Du Pont de Nemours & Co.*, 894 F.2d 755, 758 (5th Cir.1990).

Though the Fifth Circuit has not confronted the precise scenario with which the court is now faced, this court is of the opinion that Fifth Circuit precedent mandates a conclusion that Goodman's state law claims are preempted by ERISA. Her state law claims, whether couched in terms of tort or contract, are essentially that but for the defendant's negligent handling of her enrollment application, she would have become an S & A benefit plan participant, and because of her reliance upon defendant's assurances and representations, she is entitled to recover damages equivalent to the benefits that would have been provided had she become a plan participant. In other words, she claims that since she was precluded from becoming a plan participant by virtue of the defendant's conduct, she should be treated for all practical purposes as though she did in fact become a plan participant. The Fifth Circuit has repeatedly held that ERISA preempts state law claims for breach of contract, fraud or negligent misrepresentation which have the effect of orally modifying the express terms of an ERISA plan by providing to a plan participant who claims to have been misled benefits unavailable under the written plan or which are in addition to those provided by the written plan. *See Memorial*, 904 F.2d at 245; *Lee*, 894 F.2d at 757; *Cefalu*, 871 F.2d at 1294–95; *Degan v. Ford Motor Co.*, 869 F.2d 889, 894 (5th Cir.1989). Though Goodman's state law claims appear to fall within this category because she seeks coverage or its equivalent in damages, she offers two arguments in support of her opposition to dismissal of her state law claims. First, she reasons that since she never became a plan participant, her claims cannot be preempted. She next argues that since she does not seek recovery of benefits from the plan but rather recovery of damages from her em-

ERISA. ERISA describes such a plan as follows:

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment, or vaca-

tion benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C. § 1002(1). A review of the pertinent plan documents reveals that the plan is indeed one which falls within the coverage of ERISA and is not excluded from the scope of ERISA. *See* 29 U.S.C. § 1135; 29 C.F.R. § 2510.3–1(j) (1987) (setting forth criteria for exclusion of certain insurance programs from ERISA coverage).

ployer, preemption is avoided. Clear Fifth Circuit precedent requires rejection of both contentions.

■ With the passage of ERISA, Congress intended to protect the interests of participants in employee benefit plans and plan beneficiaries. *Memorial*, 904 F.2d at 245. "Participant" is defined by section 1002 of ERISA as

any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

Goodman argues that because she was not a "participant," her state law claims elude the preemptive grasp of ERISA. However, a similar contention was explicitly rejected by the Fifth Circuit in *Lee*. In that case, six plaintiffs brought suit against their former employer alleging that if not for the assurances of the defendant employer that it was not considering adopting an early retirement incentive program, they would not have retired and would have been eligible for benefits under the early retirement plan subsequently adopted. *Lee*, 894 F.2d at 755–56. Though the plaintiffs were covered by the retirement plan in effect on the dates of their retirements, they alleged state law claims of fraud and negligent misrepresentation and sought recovery of the additional monthly retirement benefits they would have received upon retirement under the later adopted early retirement option, together with punitive damages.

The court viewed the plaintiffs' claims as essentially an attempt to orally modify the terms of the employer's ERISA plan and determined that the claims were preempted:

[T]he present plaintiffs seek to recover benefits defined by their former employer's ERISA plan, benefits to which they would have become entitled but for a misrepresentation by their employer, during their employment, on which they relied to their detriment. In both *Cefalu* and *Degan*, we held that ERISA preempted such state law claims....[3]

The *Lee* plaintiffs attempted to distinguish *Cefalu* and *Degan* on the ground that those cases concerned claims by plan participants for benefits allegedly due them under an ERISA plan, whereas the alleged tortious misrepresentation to the plaintiffs by the *Lee* employer prevented them from ever becoming participants in their employer's early retirement option. The court rejected the distinction and determined that the plaintiffs' claims were preempted. So, too, must Goodman's contention in this regard be dismissed.

The Fifth Circuit has also addressed and rejected the contention, identical to that presently made by Goodman, that preemption is not mandated when the former employee does not seek recovery from the plan itself or its assets, but only seeks damages from his former employer. *Cefalu*, 871 F.2d at 1294. The court in *Cefalu* found that

[a]ppellant's claim has a definite connection to an employee benefit plan. Plaintiff concedes that if he is successful in this suit his damages would consist of

---

3. In *Cefalu*, an employee of B.F. Goodrich sought to recover retirement benefits that Goodrich allegedly promised he would receive if he left employment with the company and opened a Goodrich retail franchise. When the benefits were not forthcoming, Cefalu sued his former employer alleging breach of an oral contract and seeking recovery of additional pension benefits. The Fifth Circuit determined that ERISA preempted the state contract claim. *Cefalu*, 871 F.2d at 1292–95. Similarly, in *Degan*, the plaintiff's breach of contract claim and promissory estoppel claims, premised on alleged breach of an oral agreement to pay special early retirement benefits and full pension benefits as pro-

vided for in the retirement plan and alleged separate oral agreement applicable to him, were held preempted. The plaintiff claimed that he was entitled to early retirement benefits as a result of oral assurances made by his former employer. The court concluded, consistent with Congress's goal of protecting plan participants, that the prospect of administrators being presented with claims for payment from individuals, who were otherwise ineligible under the ERISA plan, on the basis of alleged oral agreements such as that presented would "threaten the stability and solvency of many plans upon which so many other employees are dependent." *Degan*, 869 F.2d at 895.

the pension benefits he would have received had he been employed by TCI. To compute these damages, the Court must refer to the pension plan under which appellant was covered when he worked for Goodrich. Thus, the precise damages and benefits which appellant seeks are created by the Goodrich employee benefit plan. To use any other source as a measure of damages would force the Court to speculate on the amount of damages.

*Id.* Similarly, in the case at bar, a determination of the damages allegedly sustained by plaintiff as a result of the lack of insurance coverage would necessarily entail reference to the S & A policy because the damages would be measured by the benefits which would have been payable had Goodman been a plan participant. In conformity with the court's reasoning in *Cefalu,* the court must therefore conclude that her claims have a "definite connection to an employee benefit plan." [4]

In *Memorial* the Fifth Circuit surveyed circuit precedent and identified two characteristics which it found were common in cases finding state law claims preempted by ERISA: "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Memorial,* 904 F.2d at 245 (footnotes omitted). Plaintiff's state law claims do address areas of exclusive federal concern, i.e., the right to be treated as a participant and receive benefits under the terms of an ERISA plan. In addition, the second characteristic identified by the *Memorial* court is implicated here. That is, plaintiff's state law claims "directly affect the relationship

among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* at 245; *see also Perkins v. Time Ins. Co.,* 898 F.2d 470 (5th Cir.1990). In *Perkins,* the court refused to immunize independent insurance agents, under the auspices of ERISA, from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation. The court held that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy in order to participate in an ERISA plan which did not provide that promised coverage, related to that plan only indirectly. *Perkins,* 898 F.2d at 473. In so holding, the court observed that

> [a] state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.

*Id.* In contrast to *Perkins,* the plaintiff's claims in the case *sub judice* affect the relations among the principal ERISA entities. In particular, this case involves alleged misrepresentations made not by an independent insurance agent before the plan was even formed, but rather, by a plan fiduciary to a potential plan participant at a time when the plan was in existence. The only parties involved in this case are two traditional ERISA entities. Moreover, the plaintiff's claims directly implicate the issues of the defendant's responsibilities as a plan fiduciary and how, if at all, its breach of any such duties might impact on the current and future administration of the plan itself. Therefore, plaintiff's claims necessarily affect the relationship among these ERISA entities. *Cf. Me-*

---

**4.** The court is cognizant of the Fifth Circuit's determination in *Memorial* that the fact that the damages suffered by the plaintiff therein would be measured in part by the amount of benefits which would have been received had there been no misrepresentation, indicated merely an "incidental relation" to an ERISA plan, insufficient on the facts there presented to require a finding of preemption. *Memorial,* 904 F.2d at 247. In that case, unlike the present case, the plaintiff was not a plan participant or beneficiary or

potential participant or beneficiary, but a third-party health care provider to whom a representation of coverage had been made. The court specifically limited this holding to the facts presented and indeed, the court indicated that its holding in this regard was "unrelated to the [plan participants'] actual right to recover benefits under the plan." *Id.* The instant case concerns the alleged right of the plan participant, or putative participant, to recover benefits or equivalent damages.

*morial,* 904 F.2d at 245 (relationship among ERISA entities not affected by negligent misrepresentation claim of third-party health care provider inasmuch as health care provider is not a "traditional ERISA entity").

## EXTRACONTRACTUAL COMPENSATORY AND PUNITIVE DAMAGES

Neither extracontractual compensatory nor punitive damages are recoverable under ERISA. *Sommers Drug Stores, Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1467 (5th Cir.1986); *Moffitt v. Blue Cross & Blue Shield of Mississippi, Inc.,* 722 F.Supp. 1391, 1394 (N.D.Miss.1989). Since plaintiff's state law claims are preempted, her claims for these damages will be stricken.

## JURY TRIAL

Plaintiff's ERISA claim is equitable in nature and hence there is no right to a jury trial. *Calamia v. Spivey,* 632 F.2d 1235, 1236–37 (5th Cir.1980).

## CONCLUSION

Plaintiff's state law claims are preempted by ERISA. Since the only surviving claim is the ERISA claim, under which there is no provision for extracontractual compensatory damages, punitive damages or a jury trial, these damage claims and the jury demand will be stricken.

Accordingly, defendant's motion for partial summary judgment is granted. Plaintiff's state law claims will be dismissed with prejudice; the claims for extracontractual damages and punitive damages are stricken and the demand for a jury trial is stricken.

SO ORDERED.