DECISION
{¶ 1} Plaintiff-appellant, Kathy Page-Walters, has been employed by defendant-appellee, Discover Financial Services, Inc., since September 1988. On June 14, 1997, she married her husband, Raymond Walters ("Walters"), and, on July 28, 1997, she attempted through the Human Resources Department of appellee to add Walters as a named insured on all of her insurance plans; however, appellant did not complete the enrollment form for the Voluntary Personal Accident Insurance Plan ("VPA"). Walters was killed in a car accident on October 8, 1999. Appellant subsequently learned that Walters was not enrolled in the VPA plan and she was not entitled to the $200,000 in benefits.
 {¶ 2} Appellant then filed a complaint against appellee, seeking damages for negligence and breach of fiduciary duty in failing to enroll Walters in the VPA plan. Appellant alleged that she relied on the Human Resources Department personnel to provide her with all the necessary forms and to take all necessary steps to add her husband to all her insurance plans. Walters had been successfully added as a named insured on her medical and dental plans and as a named beneficiary on all plans, including the VPA; however, he was not named as an insured on the VPA.
 {¶ 3} The trial court granted appellee's motion for summary judgment finding that appellant's claims are preempted by the Employee Retirement Income Security Act, Section 1001 et seq., Title 29, U.S. Code ("ERISA"). Appellant filed a notice of appeal and raises the following assignment of error:
 {¶ 4} "The trial court erred in denying [sic] Defendant Discover Financial Service's Motion for Summary Judgment."
 {¶ 5} By the assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Harless v. Willlis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 6} Section 1144(a), Title 29, U.S. Code provides, as follows:
 {¶ 7} "(a) Supersedure; effective date.
 {¶ 8} "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975."
 {¶ 9} "A law `relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc. (1983), 463 U.S. 85, 97. The United States Supreme Court explained that Congress used the words "relate to" in their broad sense. To interpret such to preempt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of the section. Shaw, at 98. The preemption clause is not limited to state laws specifically designed to affect employee benefit plans. Pilot Life Ins. Co. v. Dedeaux (1987), 481 U.S. 41, 47-48, quoting Shaw, at 98.
 {¶ 10} Appellant argues that her state law claims are not preempted because her claims are only remotely related to an ERISA plan and she is not seeking ERISA benefits but is asserting a claim for damages against her employer. Appellee argues that appellant's claims are preempted because they are directly related to the ERISA plan since the damages sought are measured by the amount of benefits appellant would have been due if Walters had been enrolled in the VPA plan.
 {¶ 11} In Goodman v. S A Restaurant Corp. (S.D.Miss. 1990),756 F. Supp. 966, 967-971, the district court addressed the same arguments as presented here. In Goodman, the plaintiff asserted claims of negligence, promissory estoppel, negligent misrepresentation, fraud and intentional infliction of emotional distress arising from the alleged failure of defendant to process plaintiff's application for health insurance in a timely manner. Plaintiff sought, as damages, past and future medical expenses which would have been paid by defendant if her application had been properly processed in addition to damages for mental anguish and punitive damages. The plaintiff argued that her state law claims were not preempted because she was not a plan participant and she does not seek recovery from the plan itself or its assets, but only seeks damages from her former employer. The court in Goodman rejected both of these arguments. The court found that, when a determination of the damages allegedly sustained requires reference to the insurance policy and measures the benefits which would have been paid had the plaintiff been a plan participant, the claims have a definite connection to an employee benefit plan.
 {¶ 12} Similarly, in Richland Hospital, Inc. v. Ralyon (1987),33 Ohio St.3d 87, 92, the Supreme Court of Ohio determined that, when a claim predicates recovery upon breaches of fiduciary duties, state courts have no jurisdiction to grant relief because the federal courts have exclusive jurisdiction. That is the case here. Thus, appellant's state law claims are preempted by ERISA and the trial court did not err in granting appellee's motion for summary judgment.
 {¶ 13} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution